JULIA PUCKET ET AL. V. JOHN D. JOHNSON AND WIFE.

1. SUITS AGAINST COMMUNITY PROPERTY—PARTIES.—While an estate is in course of administration in the ordinary way, or by the survivor of the community, when it is not shown that the assets have descended or come to the possession of the heirs, they are not proper parties to an action against the community estate.

2. SUITS AGAINST MINORS.—It is irregular to proceed in an action against minors without making their guardians parties, if they have any, and if not, without the appointment of a special guardian.

3. ADMINISTRATION OF COMMUNITY PROPERTY BY THE SURVIVOR—MARRIAGE.—By the marriage of the surviving widow, her control over the community property ceases, and a judgment against her in a suit brought before, but rendered after, her marriage, gives no authority for execution against the property in her hands subject to administration.

ERROR from McLennan. Tried below before the Hon. J. W. Oliver.

*Herring & Anderson*, for plaintiffs in error.

*G. J. Buck* and *F. H. Sleeper*, for defendants in error.

MOORE, ASSOCIATE JUSTICE.—The defendants in error, who were plaintiffs in the court below, allege in their petition that Julia Pucket is the widow, and Layton and Belle Pucket are the minor children, without guardian, of Layton F. Pucket, deceased, and that said widow and children are the sole heirs of his estate; that all the property belonging to said Layton F. Pucket at his death was community property of said Layton and Julia; that she had returned an inventory of said

property, and is in possession of and administering it as survivor of said community. They ask that a special guardian be appointed for said minors, and pray for judgment against them and said widow, as the heirs of said Layton F. Pucket, deceased, and also against Mrs. Pucket as survivor of the community.

Personal service by citation was made on each of the defendants, and an answer of general exceptions and general denial was filed by attorney for them jointly. But if any guardian was ever appointed, either for the persons or estates of the minors, it is not shown in the record. During the progress of the case, the marriage of the defendant Julia with M. M. Boggess was suggested, and in response to a *scire facias* she and her husband appeared and made a like answer to the petition as had been previously filed on behalf of the original defendants.

On the trial the defendants in error recovered a moneyed judgment, as recited in the transcript, "from Julia Boggess, formerly Julia Pucket, now wife of M. M. Boggess, and from the said Julia as guardian of her minor children, Layton Pucket and Belle Pucket, as heirs at law of L. F. Pucket, deceased, * * *, to be levied of any land and tenements, goods, chattels, and personal estate which descended to said defendants as heirs of said Pucket, deceased, or to be levied of the property in the hands of said Julia Boggess and her husband, which she may hold as the survivor in the community estate of herself and late husband, Layton F. Pucket."

Evidently the defendants were not liable as heirs while the estate of the ancestor was in course of administration in the ordinary manner, or by the survivor of the community, and when it is not averred that any assets had descended or come into their possession. But if the minor defendants were liable to an action, it was certainly irregular to proceed to judgment against them without service upon their guardians, if they had guardians, and if not, without the appointment of special guardians to represent them.

It is insisted by counsel that Boggess and wife had been appointed, and had qualified as the general guardians of the minor defendants, during the progress of the case. But although the petition for writ of error is filed by them on their own behalf and as next friends and guardians of the minors, it does not follow that they were their guardians at the date of the judgment. But if they were, they should have been made parties to the suit, and required to answer it in their representative character, before a judgment could be taken against them which would bind the estates of their wards. Nor was the judgment rendered against Boggess and wife, as such guardians, but merely against the latter.

By the marriage of the defendant Julia, she unquestionably lost the right to administer the community estate of herself and her former husband, consequently the judgment against her in this character was unwarranted, and gives no authority for an execution against the property in her hands, if any, which is still subject to administration. When by marriage she ceased to be the legal representative of the rights and interest of the estate, the administrator, if there was one appointed by the court to wind up and settle the estate, should have been made a party to the suit. But if no administrator was or could be legally appointed for this purpose, on this being shown, the suit might no doubt be prosecuted against the heirs or distributees entitled to the property, and judgment had against them to the extent of the assets coming to their hands.

It is urged by defendants in error that they endeavored to procure the appointment of an administrator of Pucket's estate after the marriage of his widow. But this was resisted by plaintiff's counsel, and the court, on their suggestion, held that there was no authority to grant administration on the estate, as more than five years had elapsed, from Pucket's death, before the marriage of his widow. And they insist that plaintiffs should not therefore be heard to complain that the suit proceeded to trial without an administrator of Puck-

et's estate being made a party. To this it will suffice to say, that the facts upon which defendants rely to sustain this proposition were not incorporated into or made a part of the record of this case in the court below, and therefore we cannot look to, or consider them.

The judgment is reversed and the case remanded to the District Court.

REVERSED AND REMANDED.