## J. R. BOND v. ISAAC R. DILLARD ET AL.

1. SUITS BY INFANTS.—Suit was brought by minors by next friend. The party named as next friend was dead at the institution of the suit. By amendment, another party to the suit was named as next friend. The party so named took a nonsuit, and at a subsequent term was allowed to intervene. Neither in the nonsuit nor intervention was any action taken or attempted in behalf of the minors. Judgment was rendered for the minors : *Held*, Irregular and a ground for reversal.

2. SPECIAL GUARDIANS—STATUTE CONSTRUED.—Under the statutes of 1870 and 1876 it is made the duty of the court to appoint a special guardian for a minor in a suit pending or about to be commenced, in which such minor is a party. The rule applies to minor plaintiffs equally as to defendants.

3. JURISDICTION OF DISTRICT COURT.— Suit on a guardian's bond, where damages claimed exceeded $500, held to have been properly retained in the District Court after act of August 18, 1876, providing for removal, &c., of "proceedings in guardianship," &c., to the County Court. (Acts 15th Leg., p. 173.)

4. MISJOINDER OF ACTIONS.—In a suit by several wards, on the bond of their guardian, for its breach, it is not a misjoinder of causes of action to allege conversion by the guardian of moneys belonging jointly to the plaintiffs, and the conversion of personal property belonging to one of the plaintiffs.

APPEAL from Panola. Tried below before the Hon. R. S. Walker.

January 21, 1876, suit was brought in the District Court of Panola county by W. H., Isaac R., Joel, Adelbert, James, and Louisa Dillard, (the last three, being minors, suing by their next friend, W. H. Dillard,) and against Samuel A. Reed, E. B. Ashurst, J. D. Youngblood, and J. R. Bond.

The alleged cause of action was, that, in 1867, G. W. Dillard, the father of plaintiffs, had executed his bond as guardian of their estate, and that the defendants were sureties on the bond; that, as guardian, their father received in specie $506.10, property of his wards, and that he appropriated the same to his own use and never had accounted therefor; that in the guardianship he had, by a report made, charged his wards with certain sums improperly — $270 for oxen and $27.50 for other improper charges; that he died in 1874, leaving no property.

Suit as to Reed was abated by his death. Citations were duly served on all of the defendants.

July, 1876, plaintiffs amended and corrected the names of the plaintiffs, which were stated to be Isaac R. Dillard, Frank Singletary and his wife Elizabeth, (late Elizabeth Dillard,) Joel P., Adelbert E., James A., and Louisa Isabella Dillard,

the latter three, being minors, suing by Isaac R. Dillard, their next friend and brother. W. H. Dillard having died in 1868, his name had been improperly inserted as plaintiff. ·

The amended petition reiterated the allegations in the original, and, in addition, that said guardian had received a mare worth $130, the property of Isaac R. Dillard, and that the same had been appropriated by the guardian to his own use, and had never been accounted for. Judgment was asked for the money misappropriated, with interest, and for the value of said mare. ·

August 12, 1876, an interlocutory judgment by default was rendered against defendant Ashurst.

August 14, 1876, defendants answered by general demurrer and general denial. On same day Bond answered specially that he signed the bond with the understanding and representation that Youngblood had signed the same, and that inasmuch as the signature of Youngblood was an alleged forgery, his signature had been obtained by fraud and was not obligatory on him.

August 15, 1876, Youngblood pleaded *non est factum*. Defendants also pleaded limitation of four years.

August 16, 1876, the case being called for trial, the plaintiff Isaac R. Dillard failing to appear, the court allowed a nonsuit to be taken by him, adjudging costs against him and his sureties on cost bond. The case as to the other plaintiffs was continued.

February 13, 1877, after the case was called for trial, Isaac R. Dillard was allowed to intervene in the suit over objections by defendants.

On the day of trial plaintiffs replied to the plea of limitation their minority at the accrual of the cause of action.

February 13, 1877, a jury was waived, cause submitted to the court, and judgment rendered that plaintiff Elizabeth Singletary take nothing; "that Isaac R. Dillard, in his own right, and Joel Dillard, in his own right, both now being adults and of full age, and Louisa Dillard, James A. Dillard,

and Adelbert Dillard, minors, recover by their next friend, Isaac R. Dillard, of the defendants E. B. Ashurst and J. R. Bond the sum of $611.96, principal and interest," and costs; and as to Youngblood that plaintiffs take nothing.

Motions for new trial and in arrest of judgment were made and overruled. Bond appealed.

The additional facts necessary to be understood appear in the opinion.

*R. E. Carswell* and *A. M. Carter*, for appellant.

I. The demurrer should have been sustained; no breach of the bond was averred. (Holman *v.* Criswell, 13 Tex., 38; Whitaker *v.* Record, 25 Tex. Supp., 382; Brackett *v.* Devine, 25 Tex. Supp., 194.) Nor was there any order of any court set out and prayed to be reviewed and reversed. (Dist. Ct., R. 17.)

If this was a suit on the bond, then the cause should not have been tried in the District Court, but should have been transferred to the County Court, as that court has the exclusive jurisdiction of all suits on guardian's bonds, regardless of the amount. (Gen. Laws 1876, sec. 45, p. 178.) If this view is not correct, then the amount was less than $500, and the County Court had jurisdiction for this. The petition states that G. W. Dillard, father of plaintiffs, was appointed guardian for six of his minor children; that he received for them $506.10; that afterwards one, to wit, W. H. Dillard, died leaving no issue, never having been married. One-half of his share in $506.10, which was one-sixth of the whole amount, equalled $84.34, and it would upon his death go to G. W. Dillard, thus leaving the balance less than $500. The mare claimed to have been appropriated by G. W. Dillard cannot assist to augment or make the sum over $500, because a joint and separate demand cannot be joined in the same action.

II. The judgment rendered on the 12th of August, 1876, against Ashurst, was a final judgment. (Freem. on Judg.,

secs. 12, 17, 28, 36; Bronsou v. Railroad Co., 2 Black., 524; Humiston v. Stainthorp, 2 Wall., 106; Bank of Washington v. The United States Bank, 6 Pet., 3.)

III. The amendment filed after both parties had announced ready for trial was clearly an error. (Paschal's Dig., art. 54; DeWitt v. Jones, 17 Tex., 624; Moke v. Tellman, 17 Tex., 367; Love v. McIntyre, 3 Tex., 12, 13.) It was certainly error to allow I. R. Dillard to make himself a party plaintiff after both parties had announced ready for trial. The so-called plea of intervention was really nothing but an amended petition, filed after the announcement, over the objection of defendants. (Id.) If it was a plea of intervention, it came too late.

IV. See case of Roberts v. Schultz, 45 Tex., 185, similar to the one at bar.

*Hazlewood & Hull*, for appellee.

I. We submit that the District Court had jurisdiction. (Paschal's Dig., art. 3922, note 920; Janson v. Jacobs, 44 Tex., 576; Hagerty v. Scott, 10 Tex., 531; Const., sec. 10, Paschal's Dig., p. 57, note 182; Smith v. Smith, 11 Tex., 106; Const. of 1869, art. 5, sec. 7, pp. 24, 25.)

II. The minority of plaintiffs was a shield to them against any law of limitation. (Hagerty v. Scott, 10 Tex., 531; Sayles' Prac., sec. 217; Const. of 1869-70, art. 12, sec. 14; Gen. Laws 1876, sec. 46, p. 178.)

III. Errors in the account of a guardian can be corrected at any time before final settlement. Until then settlements are not *res adjudicata*. (Ingraham v. Rogers, 2 Tex., 464.) There was no final settlement in this cause.

IV. "The District Court shall have and exercise appellate jurisdiction and general control over inferior courts." (Paschal's Dig., arts. 1405, 1406, notes 526, 527.)

V. The amount claimed or the alleged value settles the question of jurisdiction, and a judgment for a less amount

may be rendered. (Sayles' Prac., sec. 122, and authorities cited in note.)

Parties whose rights have been violated must sue. (Sayles' Prac., sec. 163.)

The defendant ought not to be subjected to but one suit.

The rule as to parties is more a rule of convenience to attain the ends of justice than otherwise. (Sayles' Prac., sec. 169; Story's Eq. Pl., secs. 76, 77.)

VI. "In a suit in chancery all persons who have a direct interest in the subject-matter in controversy can be made parties, either as complainants or defendants, and each may set up his own interest in opposition to others and claim a decree disposing of such interest." Even a third party may intervene and assert an interest. (Legg v. McNeill, 2 Tex., 428; see also Thomas v. Hill, 3 Tex., 270, as to pleading over, as was done by defendants in this cause; Sayles' Prac., sec. 168.)

VII. The judgment may be in favor of one of the defendants and against the others, even where the plea of *non est factum* is sustained as to one defendant; and the common law as to misjoinder does not obtain in Texas. (Willis v. Morrison, 44 Tex., 33.)

VIII. Judgments in the District Court shall in all civil cases be rendered so as to conform to the pleadings, the nature of the case as proved, and the verdict thereon. (Paschal's Dig., art. 1476.)

IX. Under the prayer for general relief the judgment will be so framed by the court as to afford the appropriate relief. (Sayles' Prac., sec. 129; Hardy v. DeLeon, 5 Tex., 246; Paschal's Dig., arts. 1410–1420.)

X. To amend is a discretionary right rarely reversed by an appellate court. (Austin v. Jordan, 5 Tex., 131; Haynes v. Rice, 33 Tex., 167.)

XI. Plaintiffs and defendants both announced themselves ready for trial, without any special exceptions. It is too late

to except for the first time in this court. (Collins v. Box, 40 Tex., 197.)

XII. The probate business being in the District Court at the time this suit was brought, plaintiffs were not required to file with their petition a transcript of any orders of the County Court. (Janson v. Jacobs, 44 Tex., 576.)

The authorities above quoted, we submit, will fully sustain the judgment. Besides, in any case where the judgment on a new trial must be the same, this court has never reversed such decision. (Shannon v. Taylor, 16 Tex., 422; Mims v. Mitchell, 1 Tex., 443.) In Melton v. Cobb, 21 Tex., 539, this court says: " Where a judge sits to hear and decide a case, the fact that incompetent testimony was heard is no ground for reversal, where there is competent evidence to support the verdict."   *   *   *

Counsel also cited and discussed Roberts v. Schultz, 45 Tex., 185; Janson v. Jacobs, 44 Tex., 575; Paschal's Dig., arts. 1382, 3922; Hagerty v. Scott, 10 Tex., 525; Chevallier v. Wilson, 1 Tex., 161; Atchison v. Smith, 25 Tex., 230; Newson v. Chrisman, 9 Tex., 113; Long v. Wortham, 4 Tex., 382; Dobbin v. Bryan, 5 Tex., 284; Purvis v. Sherrod, 12 Tex., 150; Graham v. Roder, 5 Tex., 146; Blakenship v. Adkins, 12 Tex., 538; Burdett v. The State, 9 Tex., 43; Bourke v. Vanderlip, 22 Tex., 223; Hill v. George, 5 Tex., 87.

BONNER, ASSOCIATE JUSTICE.—This suit was instituted in the District Court of Panola county on January 21, 1876, and, as amended, was in favor of Elizabeth Singletary and her husband, Frank Singletary, Joel P. Dillard, and Isaac R. Dillard in his own right and as next friend of the minors, Adelbert E., James A., and Louisa I. Dillard, against E. B. Ashurst, J. D. Youngblood, and James R. Bond, the appellant. The defendants were sued as sureties of G. W. Dillard, then deceased, upon his bond as guardian of said plaintiffs. He was charged with having converted to his own use the sum of $506.10, received by him as such guardian on September 30, 1867, and

which belonged to said minors jointly with a deceased brother, W. H. Dillard, and with having converted to his own use a certain bay mare, of the alleged value of $130, belonging to the said Isaac R. Dillard in his own separate right.

The defendant Ashurst was served with citation on June 7, 1876, and on the 12th of August thereafter judgment final by default was taken against him. It is alleged as error by appellant Bond that this judgment by default was illegal, for the reason that the defendants had then filed an answer, and also that it was a judgment final. So far as appears from the record, this answer was not filed until two days after the judgment by default; and although the judgment partakes of the nature of a judgment final, it did not authorize execution to issue, and was merged into the general judgment on the final trial. It is not complained of by the defendant Ashurst himself, and we do not think that, under the circumstances, the alleged error in this regard presents any sufficient reason to authorize a reversal of the judgment.

At the August Term, 1876, the case was called for trial, when Isaac R. Dillard voluntarily took a nonsuit, and the cause was continued. At the next succeeding term, when the final trial was had, and after there had been a formal announcement of readiness, which was, however, permitted by the court to be withdrawn to file additional pleadings, he was permitted to intervene; but, so far as the record shows, this was done in his own individual right, and not in behalf of the minors, if he could appear for them at all as next friend.

In our opinion, the proceedings and judgment as to them seem to have been without lawful authority, and for this error we think the judgment should be reversed.

In this connection we deem it proper to say that it has been held in Pucket v. Johnson, 45 Tex., 550, that it is irregular to proceed in an action against minors without making their guardians parties, if they have any; and that if they have no regularly-appointed guardians, the court should appoint special guardians for them. This rule applies both to

minors who are plaintiffs as well as to those who are defendants. Under both the statutes of 1870 and 1876 it is made the duty of the court in such cases to appoint a special guardian in a suit or proceeding which is pending or about to be commenced, and this guardian is required to qualify by oath and bond. This is a wise provision, intended for the protection of the interests of minors, and should be enforced by the courts. (Paschal's Dig., arts. 6969–6973; Laws 15th Leg., 187, secs. 134–138.)

There was a motion in arrest of judgment, for the reasons that under the act of the 15th Legislature, 173, to amend an act entitled "An act to organize the County Courts, and to define their powers and jurisdiction," the cause should have been transferred to the County Court; and that under the act of the 15th Legislature, 178, sec. 45, entitled "An act to provide for the guardianship of persons and estates of minors," &c., the County Court had exclusive jurisdiction of the suit.

This suit was instituted before the passage of these acts, and when, without question, the District Court had jurisdiction of the subject-matter in controversy. We do not think that the first-named act was intended to apply to this character of suit, or that in the case now before the court it is necessary to construe or apply the provisions of the last-named act, and no opinion is expressed in regard to the same.

The objection that the suit was for both a joint demand in favor of all the plaintiffs and a separate demand in favor of Isaac R. Dillard alone, we think, under our practice, which is intended to prevent circuity of actions and multiplicity of suits, was not well taken, and particularly in view of the fact that the suit was instituted on the bond of the defendants for the faithful performance on the part of G. W. Dillard of his duties of guardian, and for alleged conversion of property of his wards, both which counts, if proven, would constitute breaches of the bond for which the defendants would be liable.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.