## J. E. HAWKINS AND WIFE v. CARR FORREST ET ALS.

(Case No. 3273.)

1. PLEADINGS — INSUFFICIENT PETITION.— A petition in a suit for a legacy against one alleged to be an executrix, which fails to allege that the defendant had qualified as such executrix; or whether the estate was in due course of administration in the county court; or in what capacity the defendant took possession of the property of the estate, except by referring to articles in Paschal's Digest; and where personal judgment against the executrix was claimed, fail- ure to allege any fact or circumstance authorizing a personal judgment against her is insufficient, and overruling a demurrer filed thereto was error.

2. MINORS — PRACTICE.— If minors have lawful guardians they should be made parties to suits in which minors are interested; if not, or the guardians are interested adversely to the minors, special guardians must be sworn and qualified. Pas. Dig., 6968, 6973; Pucket v. Johnson, 45 Tex., 550; Ins. Co. v. Ray, 50 Tex., 511; Bond v. Dillard, id., 300.

3. PLEADING — PRAYER FOR RELIEF. — Facts not alleged, though proved, cannot form the basis of a decree; and where a plaintiff does not pray for judgment, or ask any relief, it is improper to render any judgment in his favor. Hall v. Jackson, 3 Tex., 305; Chrisman v. Miller, 15 Tex., 159; Hobby v. Campbell, 22 Tex., 582; Mann v. Falcon, 25 Tex., 276.

4. ADMINISTRATION — INDIVIDUAL JUDGMENT AGAINST EXECUTRIX. — It is error to render judgment against an executrix individually, where it is not shown that she has received and misapplied funds of the estate, or otherwise become liable in any way in her individual capacity for the payment of the money claimed.

5. INTEREST — WHEN IT WOULD BEGIN IN FAVOR OF LEGATEE. — Interest is the creature of the statute, and unknown to the common law, and the statute does not appear to embrace legacies. An executrix will be chargeable with interest from the time when, in the prudent management of the estate, and in view of its debts and condition, and after demand made upon her, she can pay it without risk. Interest cannot be demanded until it is clearly shown that the executrix is in default. Adriance v. Brooks, 13 Tex., 281; Davis v. Thorn, 6 Tex., 286; Roper on Legacies, 1245; Williams on Executors, 1153.

ERROR from Ellis.   Tried below before the Hon. H. Barksdale.

This suit was instituted on 24th August, 1874, in the district court of Ellis county, by Carr Forrest, plaintiff, against J. E. Hawkins and Mary, his wife, Nellie Cobb, a minor daughter of Wade H. Cobb and Eleanor Cobb, Wade H. and Oliver Couch, minors and grandchildren of Wade H. Cobb and Eleanor Cobb, defendants.

The petition alleges that on the 12th May, 1854, E. H. Tarrant made his will, bequeathing to W. H. Cobb $2,000.

2. That the will was conditioned as in article 1371, P. D.

3. That Mary Hawkins (formerly Tarrant) and her husband took possession of the estate of Tarrant under article 1372, P. D., and a tract of land, part of said estate, which is described.

4. That Cobb and his wife being indebted to plaintiff in a certain sum, all the heirs of Cobb, except the minors, assigned to him, on the 30th August, 1872, their interest in the legacy aforesaid.   (The transfer is annexed.)

5. Wherefore the defendants are indebted to plaintiff in the sum of $900 and interest, and that the same is now due; and defendants, though often requested, have refused to pay it.

The prayer of the petition is that Hawkins and his wife be cited; that a guardian *ad litem* be appointed to represent the minors, for judgment for his debt and costs, and the sale of the land, etc.

The assignment of the legacy is as follows:

"THE STATE OF TEXAS, *County of Ellis.*

"For a note due Carr Forrest by W. H. Cobb, deceased, for $500, due 1st January, 1862, with interest at the rate of ten per cent. per annum from date, also an account for $169.41, due 1st January, 1872, now, therefore, for and in consideration of the above claims, we, the undersigned, heirs at law of the said W. H. Cobb, do hereby transfer to the said Carr Forrest, the balance due us as the heirs of W. H. Cobb, deceased, of the legacy left to said W. H. Cobb by E. H. Tarrant, deceased, said legacy consisting of $2,000, credited $1,100 this 30th day of August, A. D. 1872.

(Signed)

[SEAL]

"ELEANOR COBB,
"ELEANOR YOUNG,
"JACOB YOUNG,
"M. A. HENDERSON,
"ELIHU HENDERSON,
"N. B. COBB,
"J. M. COBB."

This assignment is acknowledged by Mrs. Eleanor Cobb, Jacob Young, Elihu Henderson, N. B. Cobb and J. M. Cobb; also by Mrs. Eleanor Young, wife of Jacob Young, and Mrs. Henderson, wife of Elihu Henderson, with their privy examination before the proper officer.

Citations appear in the record to Nellie B. Cobb, Oliver Couch and W. H. Couch, which were served. Hawkins and wife accepted service.

At the May term, 1875, an order was made by the court appointing " N. J. Nash special guardian to represent minor defendants herein."

The defendants, Hawkins and wife, filed a general demurrer to the plaintiff's petition, and answered the general denial.

They admit the death of Tarrant, as alleged, and that he made a will.

That by the terms of the will, Mary Hawkins was made the residuary legatee of all the property, after the payment of the debts and certain legacies, mentioned in the will, and sole executrix, and it was provided that no action should be had in the county court other than the probate of the will and the return of an inventory, and no bond was required.

That she has never been required to give bond for the payment of the debts, nor has any heir or legatee given bond to pay the debts.

That there are debts against the estate yet unpaid.

They deny the legacy could draw interest, or that it is a lien upon the land.

They aver that the land is in litigation; that a large amount of costs and attorneys' fees have accumulated in the case, and become a lien upon the land.

They pray to be dismissed with the costs, etc.

N. J. Nash filed an answer as "guardian *ad litem*" for the minor defendants, Nellie B. Cobb, the child of W. H. Cobb, and Wade H. Couch and Oliver Couch, grandchildren of W. H. Cobb. He demurs generally to the petition, and pleads the general denial, and nothing more.

Upon these pleadings (there is no statement of facts) the cause was submitted to the judge, and judgment was rendered, reciting that the plaintiff and Hawkins and wife appeared by their attorneys, and Nellie B. Cobb, Wade H. Couch and Oliver Couch, who were minors, appeared by their guardian *ad litem*, N. J. Nash, Esq."

The exceptions were sustained, so far as plaintiff "attempted to recover the interest of said minors to said legacy is concerned, and overruled so far as the interest of the adult heirs to said legacy is concerned," to which Hawkins and wife excepted. And, after hearing the evidence, it was decreed that J. M. Hawkins and Mary Hawkins, his wife, and

the executrix of the last will and testament of E. H. Tarrant, deceased, pay over to plaintiff "all the right, title, interest and claim of Eleanor Cobb, wife of W. H. Cobb, and Eleanor Young, M. A. Henderson, N. B. Cobb and J. M. Cobb, children and heirs at law of W. H. Cobb and Eleanor Cobb," in the legacy of $2,000, less $1,100 paid — their interest being $700 principal, $840 interest; in all $1,540.

2. That J. E. Hawkins and Mary Hawkins, his wife, and executrix, etc., pay over to Nellie B. Cobb, a minor heir of W. H. Cobb and Eleanor Cobb, and Wade H. Couch and Oliver Couch, who are minors and grandchildren of W. H. Cobb and Eleanor Cobb, all their interest in the legacy, being $200 principal and $240 interest; in all $440. And then judgment was rendered for costs against Hawkins and wife, in favor of plaintiff and the minors, for which let execution issue against the estate for all costs herein incurred.

Hawkins and wife filed a motion for a new trial, but no action appears to have been taken thereon.

The cause is brought here by Hawkins and wife by writ of error.

It is assigned for error:

1. That the court erred in overruling the demurrer.

2. That the judgment is excessive.

3. That the court erred in rendering judgment against defendants.

4. In apportioning the amounts, giving plaintiff too much and minors too little.

5. In rendering judgment for plaintiff for the share of Nellie B. Cobb, and in favor of Nellie B. Cobb for the same interest.

6. In rendering judgment for interest.

7. In rendering judgment against Hawkins and wife *in personam* and for costs.

8. In calculating the amounts in the judgment, adjudging as if Eleanor Cobb had one-third interest and that there were six equal interests beside.

9. In rendering judgment against the defendants for any sum in any form.

*A. A. Kemble*, for plaintiffs in error.

*Amzi Bradshaw*, for defendants in error.

QUINAN, J.— It will be unnecessary to notice these assignments specially. The full statement of the pleadings and proceedings in the case which we have given makes manifest the many and fundamental errors committed.

1. It was error to overrule the defendants' demurrer. The petition did not set out a good cause of action against the defendants, Hawkins and wife, or show plaintiff's right to sue. It did not allege that Mary Hawkins had ever qualified as his executrix, or whether his estate was in due course of administration in the county court or not, or in what capacity Mary Hawkins took possession of the property of the estate, otherwise than by the enigmatical reference to articles in Paschal's Digest.

2. It is not alleged that the widow and children, the lawful heirs of W. H. Cobb, had the authority to recover or to transfer this legacy. It is not shown whether there is any administration upon his estate. So as respects the Couch children; whether there was any administration upon the estate of their mother is not alleged. In both cases if the heirs could sue or transfer a right to sue, the circumstances which authorize them to do so should be alleged. It is not shown that the minors have no legal guardian.

3. There is no allegation in the petition of any fact or circumstance which would authorize a judgment against Hawkins and wife individually. They could only be chargeable to the extent of the property of the estate which came to their hands and which had been appropritated wrongfully to their own use.

. The judgment of the court cannot be sustained. The record does not show, as the law required at the time of the institution of this suit and the rendition of the judgment, that a special guardian had been appointed by the court to represent the minors, and that he had taken the oath and given bond as the statute prescribes. If the minors had lawful guardians, they should have been made parties; if not,

or the guardians were interested adversely to the minors, special guardians should have been appointed, sworn and qualified. And this not appearing to have been done, the objection is fatal to the judgment. Pas. Dig., 6969, 6973; Pucket v. Johnson, 45 Tex., 550; Ins. Co. v. Ray, 50 Tex., 511; Bond v. Dillard, 50 Tex., 302; Brooke v. Clark, Austin Term, 1880.

2. The allegations of the petition do not warrant a judgment in favor of the minor heirs. There is no averment in the petition nor in their answer showing their right to recover, how they have or acquired any interest in the legacy, or what their interest is. And there is no prayer for judgment or any relief asked for them. Facts which were not alleged, though proved, could not form the basis of a decree in their favor, and having asked for no relief, it was improper to render any judgment for them. Hall v. Jackson, 3 Tex., 305; Chrisman v. Miller, 15 Tex., 159; Hubby v. Camplin, 22 Tex., 582; Mann v. Falcon, 25 Tex., 276.

3. It was error to render judgment in favor of the plaintiff, Carr Forrest, for the interest of Nellie B. Cobb, and in her favor for the same interest in the legacy.

4. It was error to order payment of the legacy by Hawkins and wife, and to render judgment against them individually, because there were no allegations in the pleadings to warrant it. It was nowhere shown that they had received and misapplied any funds of the estate, or had become liable in any way in their individual capacity for its payment. If they could be made liable under the pleadings in the case, it could only be in their representative capacity, and the decree should have been against them as such, and execution to run against the property of the estate.

5. No basis was laid in the petition for the charge or computation of interest. The terms of the legacy are not set out in the petition, nor are we apprised whether it was payable specially at a fixed time, nor when it was demanded or could have been paid. The question as to when, as against the estate of the testator, a legacy should bear interest, is

not free from difficulty. Interest is the creature of the statute, and unknown to the common law, and our statute does not seem to embrace.legacies. We have no decisions of our courts upon the subject in relation to legacies. · We do not care to state any general rule upon the subject. But in the present case, as we infer from the meager record and the briefs of counsel that Mary Hawkins is the executrix and also residuary legatee under the will of E. H. Tarrant, we incline to the opinion that she would be chargeable with interest from the time when, in the prudent management of the estate, and in view of its debts and condition, and the assets in her hands, and after demand made upon her, she could have paid it without risk. Under the law, before the court would compel her to pay the debts and legacies, she would be allowed a reasonable time to ascertain the condition of the estate, and gather in its ·assets and ascertain its liabilities. If· the legatees wished to obtain possession of the legacy, the statute suggests a mode whereby, on giving bonds for the payment of the debts to the amount of the legacy, or indemnifying the executrix, they could obtain it. Not having done so, we are of opinion that interest cannot be demanded until it is clearly shown that the executrix was in default in not paying it. Adriance v. Brooks, 13 Tex., 281; Davis v. Thorn, 6 Tex., 486; Roper on Legacies, 1245; Williams on Executors, 1153.

6. If it be conceded that all the facts and parties were before the court to warrant a decree, yet the judgment cannot be correct. The principal of the legacy alleged to be unpaid is $900. The apportionment made by the court is of $940 principal, and the interest is calculated upon this erroneous basis.

7. Since the institution of this suit and the rendition of the judgment in this case, the Revised Statutes have been adopted, which furnish rules for procedure in all cases for the recovery of claims against the estates of deceased persons, whether in due course of administration, or where estates are being administered without the intervention of

the county court. And this renders it unnecessary to discuss the questions further which are presented in this record and the briefs.

For the errors indicated we conclude that the judgment should be reversed and the cause remanded, and we so award.

REVERSED AND REMANDED.