**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

**v.**

**James Earl WILLIAMS et al., Appellees.**

**No. 5428.**

Court of Civil Appeals of Texas, Waco.

April 17, 1975.

Rehearing Denied May 8, 1975.

Grant Liser, Fort Worth, for appellant.

Dushman, Greenspan, Kensel & Friedman, Fort Worth (Lowell E. Dushman— Jack Friedman, Fort Worth), for appellees.

## OPINION

JAMES, Justice.

This is a workmen's compensation case involving death benefits. Plaintiff-Appel-

lant Texas Employers' Insurance Association brought this suit in the nature of an interpleader action in the District Court of Johnson County, Texas, against James Earl Williams, (a minor), Freeman Brown, L. E. Spellman, and Lowell E. Dushman, (attorney).

The death benefits grew out of the death of Mrs. Doris Ann Brown, a workman who died on or about July 10, 1973, from injuries growing out of her employment with Gearhart-Owen Industries, Inc. Defendant-Appellee James Earl Williams was the minor son of the deceased, about ten years of age. Defendant Freeman Brown was the lawful husband of the deceased. Defendant L. E. Spellman's connection with the deceased is not shown by the record. Defendant Lowell E. Dushman was the attorney representing the minor James Earl Williams.

The minor acting through his paternal grandmother, Mrs. Odessa Williams, as next friend, as well as Brown and Spellman each filed their respective notices of injury and claims for compensation with the Industrial Accident Board of the State of Texas, against Plaintiff-Appellant as the workmen's compensation carrier of the deceased's employer.

On March 6, 1974, the Board made its final decision and award, wherein the minor James Earl Williams was allowed maximum death benefits, same being $49.00 per week for 360 weeks, less $500.00 funeral expenses previously paid by Plaintiff-Appellant. The claims of Brown and Spellman were denied. A portion of the minor's award was allowed to Mr. Dushman as the minor's attorney.

While the claims were pending before the Board, Mrs. Odessa Williams, the paternal grandmother of the minor, was duly appointed and qualified as guardian of his person and estate. The award to the minor was ordered by the Board to be paid to said guardian.

Plaintiff-Appellant carrier brought this suit to set aside the Board's award under

the provisions of Article 8307, Section 5, Vernon's Ann.Texas Revised Civil Statutes, making as Defendants the minor James Earl Williams, Brown, Spellman, and Attorney Dushman. In effect, the Plaintiff-Appellant carrier admitted that it owed maximum death benefits, tendered the necessary funds into court, and sought a judgment authorizing payment to the proper party or parties in such amount or amounts as the court deemed proper.

The guardian was not named as a party defendant, but on the other hand the minor himself was named as a party defendant, and was personally served with citation herein.

Thereafter the minor, James Earl Williams, acting through his attorney, filed a "Plea in Bar," asserting that Plaintiff-Appellant failed to properly perfect its appeal from the Board's award by suing the minor instead of the guardian, and by so doing the court was deprived of jurisdiction over the cause insofar as the minor is concerned. Subject to the plea in bar the minor filed his answer, after which followed a cross-action filed by the guardian in behalf of the minor against the Plaintiff-Appellant carrier.

Acting upon the "Plea in Bar," the trial court in a single order sustained the plea to the jurisdiction, severed the cause of action against the minor from the rest of the suit, and dismissed the cause of action against the minor for lack of jurisdiction.

Plaintiff-Appellant carrier appeals on one point of error, asserting the trial court erred in sustaining the plea to the jurisdiction. We sustain this point of error, and reverse the cause as more particularly hereinafter provided.

█ When a minor is made a party defendant in a suit and has no guardian within this State, the court is required to appoint a guardian ad litem to represent and defend the minor in such suit. Rule 173, Texas Rules of Civil Procedure. However, where the minor defendant has a lawful guardian of his estate, it is the duty of the guardian to defend the minor in such suit. Section 230(b), Probate Code of the State of Texas, V.A.T.S.

█ The law is well settled in Texas that a judgment procured against a minor who has no legal guardian and for whom the court has not appointed a guardian ad litem is *voidable, but not void,* and can be set aside by the minor or an authorized person acting in the minor's behalf. Wallis v. Stuart (Tex.Sup.Ct.1899) 92 Tex. 568, 50 S.W. 567; Austin v. First State Bank and Trust Co. (Waco CA 1925) Civ. App., 275 S.W. 156, writ dismissed; Parr v. Parr (Amarillo CA 1947) Tex.Civ.App., 207 S.W.2d 187, error refused NRE; Jaynes v. Lee (Texarkana CA 1957) Tex. Civ.App., 306 S.W.2d 182, no writ history; Brown v. State Farm Mutual Automobile Ins. Co. (Fort Worth CA 1969) Tex.Civ. App., 449 S.W.2d 93, no writ history; 30 Tex.Jur.2d, "Infants," par. 67, p. 719.

█ In the case at bar, the minor defendant had a lawful guardian, and such guardian in fact appeared and filed a cross-action in behalf of the minor subject to the minor's plea to the jurisdiction. Therefore, in the light of the foregoing rule (based upon the authorities cited hereinabove), as applied to the case at bar, the trial court had jurisdiction over the minor defendant.

Accordingly, we hold the trial court erred in severing the cause of action against the minor James Earl Williams from the remainder of the suit, and in dismissing the cause of action against the minor. The order of severance and dismissal is hereby set aside, and the cause is reversed and remanded with instructions that the cause be reinstated by the trial court for trial on the merits.

Reversed and remanded.