**Lucie Allen PEEK, et al., Appellants,**

v.

**Marvin Wiley DeBERRY, Jr., Appellee.**

**No. 04–91–00209–CV.**

Court of Appeals of Texas, San Antonio.

Oct. 30, 1991.

Rehearing Denied Dec. 10, 1991.

Joe B. Stephens, Michael R. Wadler, Stephens & Clark, Houston, for appellants.

G. Thomas Coghlan, Les Katona, Jr., Lang, Ladon, Green, Coghlan & Fisher, P.C., San Antonio, for appellee.

Before BUTTS, CARR and GARCIA, JJ.

### OPINION

CARR, Justice.

This is an appeal from an order dismissing appellants' causes of action against appellee. Appellee, Marvin Wiley DeBerry, Jr., entered the office of Clyde Peek on December 18, 1984, and shot Peek to death. Appellee was tried for the murder and, in April 1986, a jury found him to be not guilty by reason of insanity. Prior to the criminal proceedings, the probate court, on March 13, 1985, appointed appellee's son, Mark DeBerry, guardian of the person and estate of appellee. On November 18, 1986,

appellants, Lucie Allen Peek, individually and as administratrix of the Estate of Clyde Peek, along with her children brought suit for Peek's wrongful death. Named as defendants were: Equipment Service Company (the employer of appellee), Marvin Wiley DeBerry, Jr., Victor J. Weiss, M.D. (a psychiatrist who allegedly failed to initiate involuntary commitment proceedings against appellee or to properly medicate appellee), Burton O. Neeswig, M.D. (who, after having examined appellee, allegedly failed to restrain or prevent appellee from causing harm to Peek), Suzanne Cude (appellee's wife at the time of the murder), and Oshman's Sporting Goods, Inc. (the store that sold appellee the firearm). This appeal concerns only appellee because appellants' claims against him were severed from the claims against the other defendants.[1]

The following is a partial chronology of the pertinent history of this case:

12–18–84   Appellee shot and killed Peek.

3–13–85   Mark DeBerry appointed guardian of appellee.

4–28–86   Appellee found not guilty of Peek's murder by reason of insanity.

11–18–86   Appellants filed suit for Peek's wrongful death.

11–19–86   Appellee's guardian's attorney served for the civil suit.

12–16–86   Appellants amended their petition.

12–22–86   Appellee answered by general denial.

1–14–87   Appellants amended their petition.

3–6–90   Appellee answered amended pleadings.

3–8–90   Appellants moved to appoint guardian ad litem for appellee.

7–24–90   Order appointing guardian ad litem for appellee.

1–24–91   Appellee moved to dismiss.

2–18–91   Order granting appellee's motion to dismiss.

Appellee's motion to dismiss is based on appellants' failure to serve appellee personally within the limitations period. Appellants directed the clerk of the court to issue service of citation to Henry W. Christopher, appellee's guardian's attorney. Citation thus was issued to "Marvin Wiley DeBerry, Jr., by serving his guardian: Mr. Henry W. Christopher, Jr." Appellants argue that the trial court erred in dismissing appellee from the suit because service was sufficient. They argue that the Probate Code requires them to serve the guardian and the proper manner of service for the guardian is to serve the guardian's attorney. Appellants also claim that defective service was waived by appellee's appearance in the suit through his attorney.

■ Suit must be brought against the guardian, as the estate's legal representative. The estate of a non compos mentis cannot be sued as such. *Pucket v. Johnson*, 45 Tex. 550, 551 (1876); *Janak v. Security Lumber Co.*, 513 S.W.2d 300, 301 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); *see Bond v. Dillard*, 50 Tex. 302, 309 (1878). Guardianships follow the same rules as for estates of decedents. TEX. PROB.CODE ANN. § 108 (Vernon 1980).[2] The Probate Code allows the *attorney of record in the proceeding* to be served with citation. §§ 33(f)(1), 34. If there is no attorney of record, the person must be personally served by the sheriff. § 33(f)(1). Appellants filed their original petition on November 18, 1986, and ordered the guardian's attorney, Henry Christopher, to be served with citation. Nothing in the record indicates that Mr. Christopher was the attorney of record in the proceeding at that time. Indeed, since the original petition initiated that proceeding, defendant's attorney could not have made an appearance to activate sections 33 and 34.

---

1. This case has had a long history in the appellate courts. A prior order of dismissal in favor of Equipment Service Co., DeBerry, and Dr. Weiss was reversed by the supreme court, *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802 (Tex. 1989), and a summary judgment granted for Oshman's Sporting Goods, Inc. was affirmed by this court, *Peek v. Oshman's Sporting Goods, Inc.*, 768 S.W.2d 841 (Tex.App.–San Antonio 1989, writ denied).

2. All statutory references are to TEX.PROB. CODE ANN. unless otherwise specified.

Further, when appellee did answer, it was by another attorney, Thomas Coghlan, and no service of citation was attempted on this attorney, who was the attorney of record. Even in their own certificates of service on subsequent pleadings, appellants did not name Christopher as the attorney of record for appellee, but named and sent copies of documents to Coghlan as attorney for appellee.

 Appellants urge that because appellee answered their suit and filed certain motions with the court that he has waived service of citation. While in a normal case this would be true, it is not so when a mentally incompetent defendant is involved. Section 35 of the Probate Code provides that a legally competent person may waive, in writing, notice of a hearing and the guardian may waive it for the ward. The guardian here made no written waiver. Appellee is not legally competent and may not waive service. *See Wright v. Jones,* 52 S.W.2d 247, 250 (Tex.Comm'n App.1932, holding approved); *Johnson v. Moss,* 108 S.W.2d 1110, 1112 (Tex.Civ. App.—Eastland 1937, writ dism'd). The same section further provides that any person who submits to the jurisdiction of the court in any hearing is deemed to have waived notice. There must be an affirmative showing that the guardian of the non compos mentis waived citation either in writing or by submitting to the jurisdiction of the court. However, the guardian, who has the right to defend lawsuits against the ward,[3] made no appearance and did not submit to the jurisdiction of the court. The guardian must be made a party to the suit and be required to answer in his representative capacity. *Pucket v. Johnson,* 45 Tex. at 551.

Appellants rely on *Texas Employers' Ins. Assoc. v. Williams,* 522 S.W.2d 549 (Tex.Civ.App.—Waco 1975, writ ref'd n.r.e.), as support for their theory of waiver of service. The waiver in *Williams,* however, resulted because the *guardian* appeared in the case and filed a cross-

action on behalf of the ward. *Id.* at 551. Thus, we find *Williams* not to be controlling.

It was not until March 1990 that appellants sought to have a guardian ad litem appointed for appellee—more than five years after the cause of action arose. Even after the guardian ad litem was appointed, no service of citation was requested or attempted. The trial court did not err in dismissing appellants' claims against appellee.

The judgment of the trial court is affirmed.

---

**3.** *Janak v. Security Lumber Co.,* 513 S.W.2d 300, 301 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); *In re Dudley's Estate,* 88 S.W.2d 616, 619 (Tex.Civ.App.—San Antonio 1935, writ dism'd); TEX.PROB.CODE ANN. § 230(b)(1) (Vernon 1980).