SAN ANTONIO & A. P. RY. CO. v. BOYED.
(No. 319.)

(Court of Civil Appeals of Texas. Beaumont.
Feb. 18, 1918. Rehearing Denied
March 6, 1918.)

1. MUNICIPAL CORPORATIONS ⚖️122(1)—ORDINANCE—PLEADING.

Petition charging defendant railroad with negligence "in violating the ordinance of the city * * * in running at a much greater rate of speed than is permitted and allowed by said ordinance duly enacted and in force at the time of the accident," is sufficient to notify defendant that the ordinance will be offered in evidence, and a good pleading thereof, at least in the absence of special exception.

2. TRIAL ⚖️76—OBJECTION TO EVIDENCE — TIME OF MAKING.

The specific objection to introduction of ordinance that it had not been published must be made at the time of trial, that it may thereafter be available.

3. APPEAL AND ERROR ⚖️926(2)—REVIEW—PRESUMPTION.

In support of trial court's ruling, it will, in absence of evidence to the contrary, be presumed that an ordinance was published, as required by law.

4. DEATH ⚖️18(3) — RECOVERY BY CHILD — RIGHT.

It being the legal duty of a father to support a minor child, such child may recover for the father's death by negligence the amount of damages sustained, not depending on whether the father had supported, or intended to support, the child.

5. DEATH ⚖️97—CHILD'S RIGHT OF RECOVERY—MEASURE OF DAMAGES.

Measure of damages for death of minor's father is essentially indefinite, not capable of exact ascertainment, and so left to the sound discretion of the jury.

Appeal from District Court, Milam County; J. C. Scott, Judge.

Action by Hattie Boyed individually and as next friend of Anthony Boyed, a minor, against the San Antonio & Aransas Pass Railway Company. Judgment for plaintiff in her representative capacity, and defendant appeals. Affirmed.

Henderson, Kidd & Henderson, of Cameron, for appellant. U. S. Hearrell, of Cameron, for appellee.

BROOKE, J. This suit was filed by Hattie Boyed, for herself and as next friend for her minor son, Anthony Boyed, against appellant, San Antonio & Aransas Pass Railway Company, to recover damages for the death of Garfield Boyed, alleged to have been the husband of Hattie Boyed and the father of Anthony Boyed. Appellee's original petition alleged that the death of the deceased was caused by the negligence of the appellant's servants and employés in the handling of one of appellant's trains, which struck and killed the deceased. A trial before a jury resulted in a verdict and judgment in favor of Anthony Boyed against appellant in the sum of $600, and in a verdict and judgment in favor of appellant as against Hattie Boyed. Appellant filed motion for new trial of the said Anthony Boyed's cause of action, which was by the court overruled, to which action of the court in overruling said motion appellant duly excepted, and gave notice of appeal. Appellant perfected its appeal, which is presented to this court upon assignments urged in the motion for new trial.

The first assignment of error is as follows:

"The court erred in overruling defendant's objection to the introduction of the city ordinances as evidence in said cause, and in permitting such ordinances to go to the jury as evidence in said cause; because the plaintiffs' pleading was insufficient to warrant the introduction in evidence of such ordinances, and because said ordinances were not proven up or shown to have been in force at the time of the accident and injury complained of, as fully shown in defendant's bill of exception."

Under this assignment three propositions are urged, as follows:

(a) "The courts of this state do not take judicial knowledge of the ordinances of cities incorporated under the general laws; and such ordinances must be alleged and proved as any other facts."

(b) "Ordinances of a city which is incorporated under the general laws of the state are not admissible in evidence until they are shown to have been printed and published by authority of the city council of such city."

(c) "No ordinance of any city incorporated under the general laws of this state imposing a penalty or fine takes effect or is in force or becomes operative until it is published for ten days in the official paper of such city."

[1-3] The petition complained of charged appellant with negligence—

"in violating the city ordinances of the city of Cameron in running at a much greater rate of speed than is permitted and allowed by said ordinance duly enacted and in force at the time of the accident."

In our judgment, the allegation was sufficient to notify the appellant that the city ordinance would be offered in evidence, and it was good, at least in the absence of a special exception. Appellant did not except to the petition specially. In the trial court appellant did not object to the ordinance on the ground that it had not been published, and it is urged that it is now too late to urge such objection in this court. It is also urged that objections to evidence must be specific, and on appeal the appellant will be confined to the very objection made in the court below.

We are of opinion that the action of the trial court was correct in holding, under the opinion in the case of Tompkins v. Pendleton, 160 S. W. 290, that the contention of appellant could not be sustained, for the reason that the specific objection was not made at the time of trial; also under the holding in Railway Co. v. Fielder, 163 S. W. 606, and Railway Co. v. Owens, 75 S. W. 579. In addition to that we, in the absence of testimony to the contrary, presume in support of the trial court's ruling that the ordinance was published, as required by law. The assignment therefore is overruled. What is said here applies also to the second assignment of error.

[4] The third assignment of error is as follows:

"The court erred in section No. 4 of its charge to the jury, which section of said charge, in effect, instructs the jury that the amount of damages which plaintiff Anthony Boyed would be entitled to recover for the negligent death of his father would not depend on whether the father had supported or intended to·support said plaintiff Anthony Boyed, because said plaintiff Anthony Boyed would be entitled to recover for the negligent death of his father only the value of \such benefits as he had a reasonable expectation of receiving from his father had he lived, and the question as to whether the father intended to support the child Anthony Boyed would very largely control the amount and value of such benefits as said Anthony Boyed could reasonably expect to receive from the father had he lived."

The entire paragraph of the court's charge referred to in the above assignment is as follows:

"It is the legal duty of the father to support his children during their minority according to their station and condition in life, and if such child is, by the negligence of another, deprived of this right, he may recover the amount of damages thereby sustained, and such right·or the amount of the damages does not depend on whether the father had supported, or intended to support, the child. Therefore you are instructed that, if you believe from the evidence that Anthony Boyed is the child of Hattie Boyed and the deceased, Garfield Boyed, and you further believe that the defendant was negligent in any of the matters as hereinbefore charged you, and that said negligence was the proximate cause of the death of Garfield Boyed, then you will allow his mother, as next friend, the amount of damages thereby sustained by said child, Anthony Boyed, and be governed by the rule in the assessing of same as hereinafter given you; but, on the other hand, if you believe that Anthony Boyed is not the child of the plaintiff Hattie Boyed by Garfield Boyed, then you will find for the defendant, as to said Anthony Boyed's cause of action by Hattie Boyed as next friend."

The charge of the court complained of in this assignment seems practically to be the same as the opinion of the court in Railway Co. v. Anderson, 126 S. W. 928, and authorities there cited. In our opinion there is no merit in the assignment, and it is therefore overruled.

[5] The fourth assignment is as follows:

"The verdict of the jury in favor of Hattie Boyed, as next friend of Anthony Boyed, is greatly excessive, in that the evidence shows conclusively that if plaintiff Anthony Boyed is the child of the deceased, Garfield Boyed, said plaintiff would never have received from the deceased, had he lived, the sum of $600 either in pecuniary benefits or nurture, care or education, and that said plaintiff Anthony Boyed had no reasonable expectation of receiving from the deceased, had he lived, any such sum or any benefits of any nature whatever of the value of $600."

The measure of damages in cases of this character is essentially indefinite, and not capable of exact ascertainment, and therefore it is left to the sound discretion of the jury. This record fails to show that the jury were influenced by any improper consideration in arriving at their verdict, and we are unwilling to reverse this case upon that ground.

Believing that the appellant has had a fair trial of the case, the same is in all things affirmed.