*1340 OPINION.
Smith :
The respondent has determined that all the income of the trust for 1933 is taxable as community income of petitioner and his present wife, Ernestine Mitchell. The correctness of this determination is the sole issue before the Board.
The petitioner’s contentions are that the amount paid to Jewell Li. Mitchell in 1933 out of the income of the trust fund created by her and J. A. Mitchell prior to their divorce in 1929 was not the income of the petitioner; that the payments were not made in lieu *1341 of alimony or in discharge of any legal obligation of the petitioner; that under the laws of the State of Texas the wife has no dower right in the estate of the husband and is not entitled to any alimony payments in the case of divorce.
It is true and is admitted by the respondent that the laws of the State of Texas do not provide for alimony payments or any other payments by a husband to his divorced wife except an allowance during pendency of the divorce suit if the wife does not have sufficient means of her own. See art. 4637, Vernon’s Annotated Texas Statutes, vol. 13, p. 364. Article 4368 provides that the court in pronouncing a decree of divorce shall make a division of the property such as is just and right, having due regard to the rights of each party and their children. A division of the property between petitioner and Jewell L. Mitchell was ordered by the court in its decree of August 5, 1929, Jewell L. Mitchell being awarded the identical properties which under the trust agreement were to be distributed to her or her devisees or heirs upon the termination of the trust. These properties were at the time held by the trustee and, the trust agreement having been ratified by the court, were so held during 1933. In these circumstances we think that the petitioner is right in his contention that the payments made to Jewell L. Mitchell out of the income of the trust for her own use were not payments in lieu of alimony and were not made in satisfaction of any legal obligation of the petitioner. The payments were, at least in part, distributions to Jewell L. Mitchell of income from her own separate properties which, under the trust agreement and the decree of the court, remained in the trust with properties belonging to the petitioner. The petitioner had no present or reversionary rights in any of the properties which were awarded to Jewell L. Mitchell by the court’s decree, and, consequently, he had no rights in respect to the income from the properties so set apart for Jewell L. Mitchell.
In holding the petitioner taxable upon the income of the trust paid to Jewell L. Mitchell, the respondent relies upon Douglas v. Willcuts, 296 U. S. 1. We are of the opinion, however, that the rule in Douglas v. Willcuts, supra, is not applicable to the facts in the instant proceedings. There a divorce had been obtained in the State of Minnesota, where alimony for the wife may be decreed out of the husband’s income. Payments to the divorced wife were made from the income of a trust created solely by the husband out of his own property in contemplation of the divorce and were, as the court found, “in lieu of alimony.” The court pointed out that there was a recognized preexisting legal duty on the part of the husband to support the divorced wife and that the payments made to her from the *1342 income of the trust were in discharge of that duty. The court said in its opinion:
* * * The creation of a trust by the taxpayer as the channel for the application of the income to the discharge of his obligation leaves the nature of the transaction unaltered. Burnet v. Wells, supra. In the present case, the net income of the trust fund, which was paid to the wife under the decree, stands substantially on the same footing as though he had received the income personally and had been required by the decree to make the payment directly.
In the instant case, as shown above, the petitioner was under no obligation to make any alimony payments to his divorced wife after the divorce and under the court’s decree the wife had her separate estate, which comprised a portion of the properties held in the trust. We think that the trust income which was paid to her for her own use was her separate income. It was not paid in satisfaction of any legal obligation of J. A. Mitchell and it is not taxable to him.
The respondent further points out in his brief that under the laws of the State of Texas a father is under a legal obligation to support his minor children, citing Freybe v. Tiernan, 76 Tex. 286; 13 S. W. 370; Snell v. Ham (Civ. App. Tex. 1912), 151 S. W. 1077; San Antonio & A. P. Ry. Co. v. Boyed (Civ. App. Tex. 1918), 201 S. W. 219; Linskie v. Kerr (Civ. App. Tex. 1896), 34 S. W. 765. He contends that, since some portion of the income of the trust which was paid to Jewell L. Mitchell was used for the support of petitioner’s minor children and the exact amount is not shown by the evidence, the petitioner must be held taxable on all of the trust income.
The laws of the State of Texas as pronounced in the cases cited by the respondent and in others which we have reviewed place the legal obligation on the husband to support his minor children. Under the decisions of the Supreme Court of the United States in Helvering v. Schweitzer, 296 U. S. 551; Helvering v. Stokes, 296 U. S. 551, decided upon authority of Douglas v. Willcuts, supra; and of the Circuit Court, Commissioner v. Grosvenor, 85 Fed. (2d) 2, a husband is taxable on the income from a trust fund created out of his own property which is used to support his minor children. We believe that the principle announced by the court is as applicable in a community property state as in a noncommunity property state. The trust agreement herein in question provides that the payments to be made to Jewell L. Mitchell were “for her individual use and the support of her said children.” The trust instrument does not say just how much of the amounts to be paid to the wife is for the support and maintenance of the children but we think it is a fair inference that it was the intention of the settlors that $500 per month of the amount to be paid to Jewell L. Mitchell was for the support and maintenance of the minor children. The trust instrument does provide that in *1343 case of the death of Jewell L. Mitchell during the minority of the children $500 per month was to be paid for their support and maintenance. Furthermore, it is to be noted that when the minor children attained their majority each was to receive out of the trust fund an amount of $250 per month, which was to be deducted from the allowance made to Jewell L. Mitchell. Since these provisions of the trust agreement were approved by the court in its divorce decree, it must be assumed that the trust income payable for the support of the children was derived from or was allocable to the income from the property of J. A. Mitchell, on whom rested the legal obligation for the children’s support.
In our opinion it must be assumed that $6,000 of the trust income payable to Jewell L. Mitchell was community income of the petitioners. The respondent has held that the entire amount of the income of the trust fund payable to Jewell L. Mitchell ($12,208.10) was taxable to the petitioners as community income. We find the correct amount to be $6,000. The deficiencies will be recomputed accordingly.
Reviewed by the Board.

Judgments will he entered u/nder Rule SO.