TEXAS EMPLOYERS INSURANCE
ASSOCIATION, Appellant,

v.

Lisa Ann SARVER et al., Appellees.

No. 7756.

Court of Civil Appeals of Texas,
Beaumont.

Dec. 11, 1975.

Rehearing Denied Jan. 8, 1976.

James L. Weber, Beaumont, for appellant.

Harold J. Eisenman, Beaumont, for appellees.

STEPHENSON, Justice.

This is an action brought for death benefits under the Workmen's Compensation law. Appeal is taken from an order of dismissal by the trial court. The sole question before us is whether an appeal was perfected from the award by the Industrial Accident Board (I.A.B.). Such award was for benefits to Ethelene Sarver, widow of the deceased, and Lisa Ann Sarver, minor child of the deceased. The claim of Ethelene Sarver, the widow, was severed and settled.

The calendar of events material to this appeal is as follows:

1. September 12, 1972—award by I.A.B.

2. September 27, 1972—T.E.I.A. notice not to abide by award received by I.A.B.

3. October 16, 1972—T.E.I.A. suit filed.

4. October 25, 1972—answer and cross-action filed by Lisa Ann Sarver, a minor.

The petition filed by Texas Employers' Insurance Association (T.E.I.A.) named as defendants "Ethelene Sarver, a widow, and Ethelene Sarver, as natural guardian and next friend of Lisa Ann Sarver, a minor." The answer and cross-action filed by Lisa Ann Sarver show it to be filed by "Lisa Ann Sarver, a minor, by and through her natural guardian and next-of-friend, Maggie Bloomfield, which natural guardian was incorrectly alleged to be Ethelene Sarver in Plaintiff's [T.E.I.A.'s] Original Petition." The admitted facts before us are that Lisa Ann Sarver was born during the earlier

marriage of the deceased to Maggie Bloomfield.

Tex.Rev.Civ.Stat.Ann. art. 8307, § 5 (1967), provides in effect that notice must be given to the I.A.B. within twenty days after the rendition of the award of an intention not to abide by the award, and suit must be filed within twenty days after the giving of such notice. This court, in a writ refused case, *Richards v. Consolidated Underwriters,* 411 S.W.2d 436 (Tex.Civ.App.—Beaumont 1967, writ ref'd), held that the time of filing a compensation suit under that statute is jurisdictional. The award of the I.A.B. was to both Ethelene Sarver, as widow, and to "the mother, as natural guardian and next friend of Lisa Ann Sarver, minor child, or to the person having custody of said minor child, until guardianship is established." In order to comply with this statute T.E.I.A. had to file suit against Ethelene Sarver to appeal from the award to her, and to file suit against Lisa Ann Sarver, in order to appeal from the award to her. The point before us is: Was Lisa Ann Sarver made a party to this suit when the original petition was filed by the designation—"Ethelene Sarver, as Natural Guardian and Next Friend of Lisa Ann Sarver, A Minor"? As far as we can determine, this precise question is one of first impression.

A somewhat similar situation is found in *Texas Employers' Insurance Ass'n v. Williams,* 522 S.W.2d 549 (Tex.Civ.App.—Waco 1975, writ ref'd n. r. e.). In this case T.E.I.A. appealed naming the minor himself as one of the party defendants, and not naming the guardian. The trial court severed the cause of action against the minor and dismissed that portion for lack of jurisdiction. The Court of Civil Appeals reversed and remanded the case with this statement:

"When a minor is made a party defendant in a suit and has no guardian within this State, the court is required to appoint a guardian ad litem to represent and defend the minor in such suit. Rule 173, Texas Rules of Civil Procedure. However, where the minor defendant has

a lawful guardian of his estate, it is the duty of the guardian to defend the minor in such suit. Section 230(b), Probate Code of the State of Texas, V.A.T.S." (522 S.W.2d 551)

We have found little text and case law on the subject. In 30 Tex.Jur.2d *Infants* § 52 (1962) at 705:

"The disability of infancy does not prevent enforcement of the legal rights of either the infant or of others. On the contrary, infants are permitted to sue and be sued, and are as much bound by judgments as any other litigant, provided they are represented by some qualified adult. Thus, an infant who has no legal guardian may sue by a next friend, and when he is sued he may be represented by a guardian ad litem, appointed by the court. Pursuant to this policy, the courts are authorized to appoint a representative whenever a minor is a party to litigation."

The form of pleading is apparently not too important. Also, in 30 Tex.Jur.2d *Infants* § 64 (1962) at 717:

"It is generally considered immaterial whether the suit is in terms brought in the name of the infant by his next friend or by the next friend for the infant's benefit, nor will the courts insist on any particular phraseology to establish the relationship. Indeed, any petition that discloses facts that would entitle the person claiming to be the infant's next friend to sue and recover as such in behalf of the minor is sufficient, even though the plaintiff does not formally describe himself as next friend."

There appears to be some doubt as to whether an infant or the guardian is the proper party to defend a suit. In *In Re Dudley's Estate,* 88 S.W.2d 616 (Tex.Civ. App.—San Antonio 1935, writ dism'd), we find this statement:

"We deem it appropriate to go further, and say that, primarily, a guardian is the

proper party to defend suits in behalf of his wards, and judgments rendered against the guardians in such suits are binding upon the wards." (88 S.W.2d 619)

See also, *Ruff v. Brown,* 446 S.W.2d 103 (Tex.Civ.App.—Texarkana 1969, no writ), in which the guardian of the estates of the minors was made the party defendant, and that practice was approved.

The petition filed in this case makes it crystal clear that it was the intention of T.E.I.A. to appeal from the award of the I.A.B. as to both Ethelene Sarver, the widow, and Lisa Ann Sarver, the minor daughter of the deceased. The allegations show the number of this claim, the name of the employer, the name of the deceased, the date of the award and a copy of the award. It is obvious that the attorney filing such petition suffered under the mistaken belief that the widow was also the mother of the minor child. That mistake was quickly corrected, within nine days from the filing of the petition, by the filing of an answer and cross-action by the minor's mother, Maggie Bloomfield, as natural guardian and next of friend for such minor. We have come to the conclusion that the petition filed by T.E.I.A. gave the trial court jurisdiction to determine the claim for compensation of both Ethelene Sarver and Lisa Ann Sarver. See *Charter Oak Fire Ins. Co. v. Square,* 526 S.W.2d 635 (Tex.Civ.App.—Waco 1975, writ ref'd n. r. e).

Reversed and remanded.