Arthur **MURRAY**, Jr., Appellant,

v.

Bettie **TEMPLETON** et al., Appellees.

No. 8606.

Court of Civil Appeals of Texas, Texarkana.

Dec. 27, 1978.

Martin Hotchkiss, Marvin G. Shwiff, Shwiff, Caraway & Emerson, Dallas, for appellant.

Charles M. Wilson III, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellees.

RAY, Justice.

This is a wrongful death action. Bettie Templeton, individually and as next friend of Mygeish Dennis, joined by George Dennis, appellees (plaintiffs), brought suit for damages against Eugene Chandler and Cynthia Kay Lenz for the death of Barbara Murray which resulted from an automobile collision. Arthur Murray, Jr. intervened as the surviving husband of Barbara Murray. A compromise and settlement for $17,000.00 was reached and the trial court apportioned the money to the complaining parties. Arthur Murray, Jr. received only $600.00 of the total award and has perfected his appeal, submitting three points of error for our consideration.

Barbara Murray, also known as Barbara Ann Dennis, was the 22-year-old daughter of George Dennis and Bettie Templeton Roberts, also known as Bettie Templeton. Barbara was also the wife of Arthur Murray, Jr. and the mother of Mygeish Dennis.

It is undisputed that Barbara was unemployed and on welfare at the time of her demise, but was looking for employment. The evidence shows that she cared for her child, Mygeish Dennis, until the date of the fatality. Barbara was married to Arthur Murray, Jr. in November of 1974 and they remained married until her death on February 15, 1975. Barbara and Arthur, after they were married, lived together at the residence of Bettie Templeton Roberts. However, the couple separated and remained so for some time prior to the fatal accident. Bettie Templeton Roberts paid the funeral expenses for the deceased.

In appellant's three points of error he contends that the district court erred in granting any portion of the $17,000.00 settlement to the parents of the deceased; that the court abused its discretion in making the disproportionate division of the funds; and, that this court should revise such distribution.

Under appellant's first point of error it is contended that some portion of the $5,530.71 awarded to Bettie Templeton Roberts and George Dennis was at least partially for reimbursement of funeral expenses which appellant contends are not recoverable in a wrongful death action. Funeral expenses may be recovered either by the statutory beneficiaries who paid the same or by the estate of the decedent. In *Landers v. B. F. Goodrich Company*, 369 S.W.2d 33, 35 (Tex.1963), the court stated:

> "Where injuries caused by the negligence of another result in death, the recovery in an action for wrongful death prosecuted

under the provisions of Articles 4671 et seq. may include reasonable funeral expenses paid by the statutory beneficiaries. . . ."

The court stated further:

". . . Although the recovery under Article 5525 is ordinarily limited to damages sustained by the decedent prior to his death, the reasonable cost of a suitable funeral constitutes a charge against the estate and is part of the expense which must be incurred as a result of the injuries. It is our opinion that the same may be recovered in an action brought by the heirs or legal representatives under the provisions of Article 5525 provided the defendant will not be subjected thereby to a double recovery. . . ."

▊ While Bettie Templeton Roberts paid the entire cost of her daughter's funeral and would have been entitled to the recovery of such expenses in this case, we have concluded that she waived such recovery and that the trial court did not include in the award of $5,530.71 any portion of the funeral expenses. The award was made to appellees, Bettie Templeton Roberts and George Dennis, for the purpose of paying attorney's fees for prosecuting the claim as next friend for Mygeish Dennis. The trial court was authorized under Article 1994, Tex.Rev.Civ.Stat.Ann. (Supp.1978), to make such an award. Minors may sue and be represented by a "next friend." Subdivision 4 of Article 1994, supra, provides:

"If any person has an interest in such recovery, the court may hear evidence as to such interest, and order such claim, or such part as is deemed just, to be paid to whoever is entitled to receive the same."

We hold that under Subdivision 4, the court is authorized to reimburse the next friend for all reasonable and necessary expenses incurred in prosecuting a claim for a minor, including attorney's fees, or the court may, upon proof by the attorney, allow reasonable attorney's fees paid directly to the attorney out of the recovery in a next friend proceeding.

▊ In the present case the trial court recites in its judgment the following:

"(5) That the evidence demonstrates, and the Court finds, that the most fair, just, reasonable and equitable distribution to be made of the SEVENTEEN THOUSAND DOLLARS ($17,000.00) settlement amount, is to award SIX HUNDRED DOLLARS ($600.00) to ARTHUR MURRAY, JR., Intervenor, and to award FIVE THOUSAND FIVE HUNDRED THIRTY AND 71/100 DOLLARS ($5,530.71) to MRS. BETTY TEMPLETON ROBERTS and GEORGE DENNIS, Plaintiffs, to cover all attorneys fees and expenses incurred by them and on behalf of said minor, and to award TEN THOUSAND EIGHT HUNDRED SIXTY NINE and 29/100 ($10,869.29) for the use and benefit of MYGEISH DENNIS, a minor."

We hold that such award for the payment of attorney's fees was proper. Article 1994(4), supra; Tex.R.Civ.P. 44; *Wilson v. Fisher*, 105 S.W.2d 304, 309 (Tex.Civ.App. Austin 1937, writ ref'd); 30 Tex.Jur.2d, Infants, Sec. 79, p. 731 (1962).

▊ Since this case was tried to the court without a jury and no findings of fact or conclusions of law were filed, it is presumed that the trial court found the attorney's fees to be reasonable and necessary. The evidence supports the judgment. Appellant's first point of error is overruled.

The trial court did not abuse its discretion in its apportionment of the $17,000.00 award. The minor child was approximately one year old at the date of her mother's death and the surviving husband and father, Arthur Murray, Jr., was twenty-four years of age. Arthur was employed as a custodian. Barbara was on welfare when she and Arthur married and she continued to draw welfare after they were married. Barbara did not work while the couple was married, though she had some training and was looking for work at the time of her death.

▊ The evidence sustains the trial court's distribution of the $17,000.00 award because it appears that the minor child suffered more damages than appellant. The

recovery for the surviving husband is limited to the pecuniary loss sustained less the expense that would have been incurred by the husband in suitably maintaining the wife. *Smith v. Farrington*, 117 Tex. 459, 6 S.W.2d 736 (1928); *Gulf, C. & S. F. Ry. Co. v. Southwick*, 30 S.W. 592 (Tex.Civ.App. 1895, no writ); *Community Natural Gas Co. v. Lane*, 133 S.W.2d 200 (Tex.Civ.App. Austin 1939, writ dism'd).

 The minor child is entitled to recover as damages such sums as the deceased parent would have reasonably contributed to his maintenance and support and the reasonable value of the parent's nurture, care, education, moral and mental training. It is well settled in Texas that in wrongful death actions, a minor suing for the death of his parent, can recover what he might reasonably expect to receive beyond, during and after majority, notwithstanding the absence of special conditions of infirmity on the part of the minor. Further, a minor child may recover as damages that portion of the cost of his education which he might reasonably expect to receive from his deceased mother. *International & G. N. Ry. Co. v. McVey*, 99 Tex. 28, 87 S.W. 328 (1905); *San Antonio & A. P. Ry. Co. v. Boyed*, 201 S.W. 219 (Tex.Civ.App. Beaumont 1918, no writ); *Texas & P. Ry. Co. v. Gullett*, 134 S.W. 262 (Tex.Civ.App.1911, no writ); *Texas Consolidated Transport Co. v. Eubanks*, 340 S.W.2d 830, 835 (Tex.Civ.App. Waco 1960, writ ref'd n. r. e.). Since Barbara was unemployed and had continued to be unemployed during her marriage with Arthur, there was no showing by him that he expected to receive any monetary contribution from Barbara, but that he did enjoy her advice and counsel while they were married. The evidence was conflicting as to whether or not the separation between Barbara and Arthur was permanent, but the trial court as the trier of facts could have believed that the separation was permanent and that Arthur could no longer expect to enjoy the advice and counsel of the decedent, or any other benefits or contributions.

The evidence established that Barbara had always cared for her child and that she had contributed not only money and material things, but had loved and nurtured the child. Without going into great detail, we have concluded that the evidence supports the trial court's division of the award. This Court is not authorized to substitute its judgment for that of the finder of fact unless the fact finding is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. *Main Bank & Trust v. York*, 498 S.W.2d 953, 955 (Tex.Civ.App. San Antonio 1973, writ ref'd n. r. e.); *Southern Pacific Transportation Co. v. Peralez*, 546 S.W.2d 88, 98 (Tex.Civ.App. Corpus Christi 1976, writ ref'd n. r. e.). Appellant's second point of error is overruled. Appellant's third point of error is not reached.

The judgment of the trial court is affirmed.