ORANGE GROVE INDEPENDENT SCHOOL DISTRICT, Appellant,

v.

Frances (Francisca) RIVERA, et al., Appellees.

No. 04–82–00309–CV.

Court of Appeals of Texas, San Antonio.

March 14, 1984.

Rehearing Denied April 18, 1984.

James L. Wray, Jr., Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellant.

B. Mills Latham, Latham & Patterson, Corpus Christi, for appellees.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

## OPINION

BUTTS, Justice.

This is a workers' compensation case. Orange Grove Independent School District (ISD) a self-insured employer pursuant to TEX.REV.CIV.STAT.ANN. art. 8309h (Vernon Supp.1982–1983), appealed the award of the Industrial Accident Board (IAB) to the widow and minor children of Wilfredo Rivera, the deceased. In the district court ISD sued the widow and mother, Frances Rivera, "individually and as next friend of Noemi Rivera, Wilfredo Rivera, Jr., and Norma Lee Rivera, minor children..." The minors were not served with process. ISD's original petition was timely filed on July 1, 1981. On September 30, 1981, the minor children, through a next friend, sued ISD to mature the award because "Defendant has never filed suit under the laws of the State of Texas, or attempted service upon said minor Plaintiffs, ..." On October 1, 1981, process was served on the three minors. The minors thereafter brought their plea in abatement. Calling the pleading a "plea in bar," the trial court severed and dismissed the cause of action against the children for want of jurisdiction. ISD appeals the dismissal. We affirm.

There is no doubt in Texas that minors may sue and be represented by a next friend. *Murray v. Templeton*, 576

S.W.2d 138, 140 (Tex.Civ.App.—Texarkana 1978, no writ). TEX.REV.CIV.STAT.ANN. art. 1994 (Vernon Supp.1982–1983) Minors also may present their claims to the IAB through a next friend. TEX.REV.CIV. STAT.ANN. art. 8306, § 13 (Vernon 1967). The law is otherwise, however, when the minor is the defendant in a suit. *Wright v. Jones*, 52 S.W.2d 247 (Tex.Comm'n App. 1932, holding approved). In that case the court wrote:

When an infant is made a party to an action, he must be served with process. He cannot waive service like an adult and cannot authorize some one else to do so for him.

\* \* \* \* \* \*

A guardian ad litem or next friend is recognized only for certain specific purposes; his powers are limited to matters connected with the suit in which he is appointed and do not include the right to appear either actually or constructively in answer to a cross-action in which the minor becomes defendant, but is not served with process. The guardian ad litem can make no concessions, nor can he waive or admit away any substantial rights of the infant or consent to anything which may be prejudicial to him. (Citations omitted.)

*Id.* at 251. ISD's reliance upon *Texas Employers' Insurance Association v. Sarver*, 531 S.W.2d 411 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.) is misplaced since a different question presented itself in that case. The question there was whether the minor had a proper guardian to represent her at trial. The court did not question service of process on Lisa Ann, the minor, nor was that point raised by the minor. Also, the guardian filed a cross-action for Lisa Ann. TEX.R.CIV.P. 173. Orange Grove ISD is the plaintiff in this trial *de novo*. The minors are the defendants. ISD was required to file suit against each minor. We hold that service of process in the suit filed against them was a prerequisite to confer jurisdiction on the trial court. They could not waive service of process, nor could their mother as next friend waive

service on them. (We do not mean to imply that the mother, if sued as "guardian," could waive service of process.)

 ISD further presents argument that it showed due diligence by causing the minors to be served with process issued within three months after suit had been filed. *See* Workers' Compensation Act art. 8307 § 5 (Vernon Supp.1982–1983). We agree with the statement in *New York Underwriters Insurance Co. v. Ehlinger*, 593 S.W.2d 432, 433 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.) "... [T]he twenty day deadline is a self-executing jurisdictional cut-off..." In *Standard Fire Insurance Co. v. La Coke*, 585 S.W.2d 678, 680 (Tex.1979), the court stated the "[f]ailure to file within the statutory period leaves the court without jurisdiction over the case." We hold the petition naming the minor children as parties–defendants and served upon the minors on October 1, 1981, did not confer jurisdiction over them.

ISD's point of error that the dismissal order was incorrect is overruled. The order of the trial court dismissing suit against the minors for want of jurisdiction is affirmed.