## ORANGE GROVE INDEPENDENT SCHOOL DISTRICT, Petitioner,

v.

## Frances (Francisca) RIVERA et al., Respondents.

### No. C-3059.

Supreme Court of Texas.

Nov. 7, 1984.

Kleberg, Dyer, Redford & Weil, James W. Wray, Jr., Corpus Christi, for petitioner.

B. Miles Latham, Corpus Christi, for respondents.

KILGARLIN, Justice.

The inquiry in this worker's compensation case is whether in a self-insured's appeal from an Industrial Accident Board award in a death case, minor beneficiaries must be sued in their individual capacities.

The Industrial Accident Board awarded death benefits to Frances Rivera, individually, and likewise ordered the Orange Grove Independent School District to pay statutory weekly benefits to Frances Rivera, as natural guardian and next friend of Wilfredo Rivera's three surviving minor children, Noemi, Wilfredo, Jr., and Norma Lee. Orange Grove timely gave notice of its intent to appeal the board's award and within twenty days thereafter filed suit in the district court of Jim Wells County to set aside that award.

The suit designated as defendants (emphasis added) "Frances Rivera, individually and as next friend" of the three minors, who were each named. Mrs. Rivera filed an answer and counterclaim in her individual capacity, but did not answer for the children. After the time for appealing the board's award had passed, the children, through an adult brother, filed a plea in bar in this cause and a separate suit to mature the board's award as to them. The trial court granted the plea in bar, holding it had no jurisdiction over the suit against the children. That part of the case was severed and Orange Grove appealed.

The court of appeals affirmed the trial court judgment. 668 S.W.2d 841 (Tex.App. 1984). We reverse the judgments of the courts below and remand this cause to the district court for proceedings on the merits.

The contentions of the parties are relatively simple. Orange Grove states that because this is an appeal, rather than an original action, the provisions of the Worker's Compensation Act should apply. The Rivera minors counter that without suit and service upon them, individually, their right to recover benefits could be potentially thwarted and that the holding of this court in *Wright v. Jones*, 52 S.W.2d 247 (Tex.Comm'n App.1932, holding approved), requires suit and service against the minors individually.

While the Worker's Compensation Act does not explicitly support Orange Grove's contention, the provision of Tex.Rev.Civ. Stat.Ann. art. 8306 § 8a is certainly helpful

to it. That section states in pertinent part as follows:

Such compensation shall not pass to the estate of the deceased to be administered upon, but shall be paid directly to said beneficiaries when the same are capable of taking, under the laws of this state, or to their guardian in case of lunacy, infancy, or other disqualifying cause ...

In *Wright v. Jones*, certain minors, through their next friend, had filed a trespass to try title action. Thereafter the defendants counterclaimed, naming the minors as cross-defendants. Prior to trial, there was no effort to serve the minors, and immediately prior to trial the minors, through their next friend, nonsuited. The trial judge appointed a guardian ad litem to represent the minors in the cross-action and proceeded to trial. The rule of law stated by the Commission of Appeals was that when a minor is made a party to an action, he must be served with process, and a guardian ad litem cannot waive process.

However, *Wright v. Jones* is quite distinguishable from the case at bar. In that case, suit began in the district court. Policies and procedures important to a common law cause of action were involved. Notice, due process, and the need for protecting a minor's interests were all maintained by requiring personal service.

A worker's compensation cause under the facts of this case creates a far different scenario. The mother and her children have been sued in the same capacity they were in before the Industrial Accident Board. The district court suit is in the nature of an appeal. Although not technically an appeal, the purpose of the district court suit is to set aside an award made to individuals in specific capacities. That capacity is defined not by the common law but by Tex.Rev.Civ.Stat.Ann. art. 8306 § 8a, a part of the worker's compensation statutory scheme. Further, there appears to be no question of properly protecting the minor's interests. Nor can it be said, given the Industrial Accident Board hearing, that there has been any problem with either notice or due process. Finally, there are

other parts of the statute that allow a minor to be represented by a next friend or guardian. *See* Tex.Rev.Civ.Stat.Ann. art. 8306 § 13. Under the facts of this case, joining the minors as defendants through their next friend was proper. *See Texas Employers Ins. Ass'n v. Sarver*, 531 S.W.2d 411 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.).

The court of appeals' decision attempts to distinguish the *Sarver* case on the basis that a different question was presented. 668 S.W.2d at 842. In *Sarver*, a minor child was served through a next friend, just as the minor children here were served. Because the initial district court petition made T.E.I.A.'s intention to appeal the minor's award clear, there was no difficulty in allowing the district court jurisdiction over both the minor and her stepmother. Nor was there any danger of leaving the child unprotected. Under the statutory guidelines, ample protection exists. By analogy, this court in misnomer suits has allowed jurisdiction when it is clear that no one was misled. *See Ealey v. Insurance Co. of North America*, 660 S.W.2d 50 (Tex. 1983); *Adams v. Consolidated Underwriters*, 133 Tex. 26, 124 S.W.2d 840 (1939).

Additionally, we observe that in compensation death cases, statutory benefits are payable directly to the next friend or guardian, to be used for the minor child. We further observe that ordinarily those benefits cease when the minor attains majority. This is unlike a common law action where money is placed in the registry of the court to be turned over to the minor when he reaches legal age.

Our holding today does not suggest that suit and service of process requirements outside the worker's compensation area are changed by this decision. Nor do we mean to suggest that in another worker's compensation case the same result would occur where the minor's interest is not properly protected. We hold that under these facts, the minors were properly made parties by service through their next friend. Thus, it is unnecessary for us to reach the question of diligent service raised by petitioner's

**484**

brief. We therefore reverse the judgments of the courts below and remand this cause to the district court for proceedings on the merits.