907 S.W.2d 491 (1995)
AMERICAN GENERAL FIRE AND CASUALTY COMPANY, Petitioner,
v.
Leslie VANDEWATER, Individually and as Next Friend of Jordan Vandewater, Respondents.
No. 95-0267.
Supreme Court of Texas.
June 15, 1995.
Ronald D. Wamsted, Michael W. Eady, Brown McCarroll & Oaks Hartline, Austin, for petitioner.
Mark L. Kincaid, Law Office of Mark Kincaid, Austin, J. Robert McKissick, Spagnoletti & Associates, Houston, Kathryn Snapka, Law Office of Kathryn Snapka, Corpus Christi, for respondents.
O.L. Knutson, Kyle, for other parties.
PER CURIAM.
In this case we consider whether a trial court could properly acquire jurisdiction over a minor defendant and render a final judgment binding the minor's interests when the minor's mother answered as the minor's next friend. American General Fire & Casualty Co. ("American General") filed a declaratory judgment lawsuit against Leslie Vandewater ("Leslie"), Jordan Vandewater ("Jordan") and Vandewater Construction Company to determine the policy limits of an insurance policy. Leslie Vandewater answered and filed a counterclaim individually and as Jordan's next friend. The trial court granted American General's motion for summary judgment. The court of appeals reversed the trial court judgment and remanded the cause to the trial court for proceedings without considering the merits of the appeal. 890 S.W.2d 811. We reverse and remand this cause to the court of appeals for consideration of the merits.
This case presents the question of whether Jordan was properly made a party to the declaratory judgment resulting in a final judgment which may be reviewed on appeal. Both American General and Leslie contend that Jordan was properly made a party to the declaratory judgment, which they argue constituted a final judgment, and that the case should be remanded to the court of appeals for consideration on the merits.
*492 American General issued an employer's liability policy to Vandewater Construction Co. Leslie contracted cytomegalovirus while pregnant and employed by Vandewater Construction, resulting in her child, Jordan, being born severely mentally retarded and in need of constant care. Subsequently, Leslie, individually and as next friend of Jordan, a minor, sued Vandewater Construction in federal court. The parties settled the federal lawsuit. The settlement involved a payment under the American General insurance policy, but the parties disagreed about the policy's coverage limit. The settlement provided that American General would seek a declaratory judgment in state court to settle this dispute and this appeal arises from that declaratory judgment suit.
On August 10, 1992, American General filed a lawsuit in state court seeking a declaratory judgment that the applicable policy's coverage limit was $100,000. On September 10, 1992, Leslie filed an original answer on behalf of herself individually and as next friend of Jordan Vandewater, a minor. On December 9, 1992, Leslie filed a counterclaim individually and as next friend of Jordan requesting a declaration that the applicable limit of liability under the American General policy was $500,000. American General filed a motion for summary judgment. The trial court granted the motion for summary judgment and declared that the applicable policy limit was $100,000.
The court of appeals focuses on American General's failure to personally serve Jordan with process. Relying on this fact, the court of appeals concluded that the trial court never acquired personal jurisdiction over Jordan and thus could not render a final judgment which would bind him. A judgment is void when the trial court lacks jurisdiction of the parties. Browning v. Placke, 698 S.W.2d 362, 363 (Tex.1985). The court of appeals correctly observes that Texas courts have been solicitous about reviewing service upon minors. See e.g. Wright v. Jones, 52 S.W.2d 247 (Tex.Comm'n App.1932, holding approved) (holding that when a minor is made a party to an action, he must be personally served with process, and a guardian ad litem cannot waive process). This court has observed, however, that under certain circumstances minors may be properly joined as defendants through their next friend. See Orange Grove Independent Sch. Dist. v. Rivera, 679 S.W.2d 482, 483 (Tex. 1984). In Orange Grove, a workers compensation case, the suit designated the mother "individually and as next friend" of three minors who were each named. Id. at 482. The mother filed an answer and counterclaim in her individual capacity, but did not answer for the minors. Id. On appeal, the minors relied upon Wright v. Jones, and argued that the trial court did not have jurisdiction over the suit against them because they had not been individually sued and served. Orange Grove, 679 S.W.2d at 482. The court of appeals in Orange Grove affirmed the trial court's decision to sever the minors' case.
This court rejected the minors' argument and reversed and remanded the cause for proceedings on the merits, focusing on the adequate protection of the minors' interests. Id. The mother and her children had just completed an administrative proceeding in which they appeared in the same capacity. Id. The district court suit involved in Orange Grove was therefore in the nature of an appeal. Id. at 483. Similarly, in the case before this court today, the parties agreed in the underlying federal lawsuit that the dispute about the policy limits of the insurance policy would be resolved in a separate declaratory judgment suit to be filed in state court. Thus, as in Orange Grove, all parties in this case were apprised of an imminent lawsuit. See also Texas Employers Ins. Ass'n v. Sarver, 531 S.W.2d 411 (Tex.Civ.App.Beaumont 1975, writ ref'd n.r.e.) (finding no difficulty in allowing district court jurisdiction over minor and parent because intention to appeal clear and minor's interests protected).
These authorities suggest that an appellate court should evaluate whether the minor's interests have been properly protected and whether a deficiency in notice or due process has been shown to determine whether a trial court has obtained personal jurisdiction over a minor. Orange Grove, 679 S.W.2d at 483; Tex.R.Civ.P. 44. In this case, the answer of Leslie in her capacity as Jordan's next friend was sufficient indication *493 that Jordan's legal representative knew about the proceedings and could therefore defend against them. See Terry v. Caldwell, 851 S.W.2d 875 (Tex.App.Houston [14th Dist.] 1993, no writ); Tex.R.Civ.P. 121; West v. City Nat'l Bank, 597 S.W.2d 461, 464 (Tex.Civ.App.Beaumont 1980, no writ). No deficiencies in notice or due process are raised by the record on these facts.
Additionally, Jordan's interests have been properly protected. On November 24, 1992, on the recommendation of all the parties, the trial court appointed Mark Kincaid to act as Jordan's guardian ad litem. Kincaid had been the guardian ad litem for Jordan in the federal lawsuit. All the parties agreed that the appointment of Kincaid as guardian ad litem would ensure both that Jordan's interests were protected in the declaratory judgment action and that the sum awarded under the insurance policy would be properly divided pursuant to the federal court's prior order. Since a potential conflict of interest could arise in the division of any sum awarded to Leslie and Jordan, the trial court appropriately determined that prudence dictated that Jordan have a guardian ad litem oversee this division. See TEX.R.CIV.P. 173, Davenport v. Garcia, 834 S.W.2d 4, 24 (Tex. 1992); McGough v. First Court of Appeals, 842 S.W.2d 637 (Tex.1992).[1]
Under the facts of this case, we conclude that Jordan was properly made a party to the declaratory judgment and that his interests were before the trial court for adjudication. Since the trial court judgment disposed of all parties and the one issue that was before it, it is a final judgment which may be reviewed on appeal. See Schlipf v. Exxon, 644 S.W.2d 453 (Tex.1982).[2]
Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of the court grants American General's application for writ of error and, without hearing oral argument, reverses the court of appeals judgment and remands the cause to the court of appeals for consideration on the merits.
NOTES
[1] We need not address the situation in which the guardian ad litem or next friend does not adequately protect the minor's interest.
[2] Additionally, the trial court order appointing Kincaid as Jordan's guardian ad litem did not require Kincaid to act as Jordan's attorney. A guardian ad litem is not an attorney for the child but an officer appointed by the court to assist in properly protecting the child's interests. Dawson v. Garcia, 666 S.W.2d 254, 265 (Tex.App. Dallas 1984, no writ). A guardian ad litem is the personal representative of the minor appointed to protect the interests of the minor in a lawsuit in which the minor is a party. Id. The guardian ad litem is required to participate in the case to the extent necessary to protect the minor. Roark v. Mother Frances Hosp., 862 S.W.2d 643, 647 (Tex.App.Tyler 1993, writ denied). The actions of a next friend and a guardian ad litem may coexist and complement each other as they do in this case. In the event that the next friend takes actions sufficiently adverse to a minor's interests, the next friend and her attorney may be replaced. See Urbish v. 127th Judicial Dist. Court, 708 S.W.2d 429, 432 (Tex.1986).