IN THE SUPREME COURT OF TEXAS











IN THE SUPREME COURT OF
TEXAS

 





No. 03-0163







 

Maria Jocson, M.D., et al.

 

v.

 

Joe Crabb

 







On Petition for
Review from the

Court of Appeals
for the First District of Texas







 

PER CURIAM

In this health care claim, we decide whether defendants Texas Woman=s Hospital of Texas and Dr. Maria Jocson waived objections to the ad litem
fees awarded by the trial court.  The
court of appeals held they did by (1) failing to obtain a ruling on objections
they lodged to the ad litem=s attendance at several depositions, and
(2) failing to introduce the ad litem=s files. 
98 S.W.3d 273, 278-79.  We hold that objections to ad litem fees are timely if raised at the post-trial fee
hearing and that introduction of the ad litem=s entire file was unnecessary to preserve
the fee objection raised here. 
Accordingly, we reverse the court of appeals= judgment and remand the case to that court
to consider the merits of the defendants= appeal.

Adrienne and David Draper, individually and as next of friend of their
daughter Leila, brought suit against the defendants for injuries Leila
allegedly sustained during birth.  The trial
court appointed Joe Crabb as Leila=s guardian ad litem.  According to his bill, the ad litem attended more than fifty depositions taken in the
case.  The defendants objected to the ad litem=s attendance at several depositions because
there was no conflict between the parents and the child.   

The parties eventually settled the health care claim, as a part of
which the defendants agreed to pay a reasonable ad litem
fee.  At the fee hearing, the ad litem submitted a forty-seven page
invoice itemizing approximately 1053 entries, reflecting 585.75 hours of work
billed at $200 per hour for a total of $117,150.  The invoice included $5,250 for reviewing 105
deposition notices, $19,000 for reviewing 378 letters, and $35,900 for
attending depositions.  During the
hearing, the Hospital and Dr. Jocson renewed their
objections and argued the fees were excessive. 
The trial court overruled the objections and awarded all fees the ad litem requested.

When the defendants appealed the award, the court of appeals affirmed,
holding first that the defendants waived their objections to the ad litem=s attendance at depositions by failing to
obtain a ruling during the course of discovery. 
We disagree.  The general rule for
deposition objections provides Athe failure of a party to obtain a ruling
prior to trial does not waive any objection or privilege.@  Tex. R. Civ. P. 199.6.  While the parties would be wise to seek
direction from the court when they disagree about an ad litem=s role, it could be expensive and
disruptive if they had to pursue every disagreement to a hearing throughout the
pretrial process.  The final fee hearing
is an appropriate forum to assert any objections to the fee request and obtain
a ruling.  See Simon
v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987) (holding defendant
waived objection to ad litem fee by failing to object
at fee hearing).  We conclude that under the facts here the
Hospital and Dr. Jocson properly preserved their
objections for appellate review.

The defendants also objected to the fees awarded to the ad litem for reviewing notices, letters, and other documents
in the case.  The defendants subpoenaed
the ad litem=s files, but he refused to produce them on
the basis that he was not relying on any documents in his fee request other
than his invoice.  As a result, when the
ad litem was asked at the fee hearing to justify nine
hours billed on one day for reviewing thirty-six pieces of paper, he could not
identify what those documents were.  He
admitted it was his standard practice to bill one-quarter of an hour for each
document he reviewed, even if it was only a notice of a deposition, a
certificate from a court reporter, or a letter containing a single sentence.

The court of appeals again found waiver, this time because the defendants
failed to obtain a ruling on their subpoena of the ad litem=s records. 
Again, we disagree.  The
defendants tendered some of the documents involved, and the invoice indicates
the nature of many others.  Further, the defendants= primary objection was that no conflict
ever existed between the parents and the child in this case and thus it was
unnecessary for the ad litem to be involved in the
day-to-day correspondence.  AA guardian ad litem
is not an attorney for the child but an officer appointed by the court to
assist in properly protecting the child's interests. . . .  The guardian ad litem
is required to participate in the case to the extent necessary to protect the
minor.@  Am.
Gen. Fire & Cas. Co. v. Vandewater, 907 S.W.2d 491, 493 n.2 (Tex. 1995) (citations
omitted).  

When a party objects that an ad litem has
gone beyond the bounds of his duties, we hesitate to find waiver because each
line item was not attacked in detail. 
The trial court concluded here that A[t]here=s no way that [the ad litem]
would know what the conflict is unless he was aware of what was going on at all
times in this case.@  We
hold the court of appeals erred in failing to review that conclusion.

Accordingly, without hearing oral argument, we reverse the court of
appeals= judgment and remand this case to that
court to address the merits of the defendants= objections to the trial court=s ad litem fee
award.  Tex.
R. App. P. 59.1.

 

OPINION DELIVERED:  February 13,
2004