**Alfred E. PAMPELL et al., Appellants,**

v.

**Edward M. PAMPELL, Appellee.**

**No. 12590.**

Court of Civil Appeals of Texas, Austin.

July 6, 1977.

Edward E. Lindsay, J. E. Scanlan, Jr., Houston, for appellants.

Allan I. Schneider, Giddings, for appellee.

PHILLIPS, Chief Justice.

Appellee, Edward M. Pampell, brought this suit contending that under the terms of a holographic will executed by his mother, he was entitled to purchase certain described land pursuant to an option clause in the will. Appellee also sought to have the will construed to determine the rights and obligations of the parties, to have an administrator appointed to carry out the terms of the will, and to have a partition of the real property belonging to his parents. His father had died intestate leaving his share of the estate to pass under the laws of descent and distribution.

The answer of appellants, Alfred E. Pampell, Pampell Interests, Inc., and Clara H. Gerstenberger, included a plea in abatement alleging that all of the necessary parties were not before the court. This plea was overruled by the trial court.

The cause proceeded to final judgment construing the will and partitioning the realty in question. Inasmuch as we sustain appellants' first point of error which complains of the trial court's overruling their plea in abatement, we need only address this point.

 It is a fundamental rule that jurisdiction over indispensable parties to a cause of action is essential to the court's right, power or authority to proceed to judgment. *City of Arlington v. Bardin*, 478 S.W.2d 182 (Tex.Civ.App.1972, writ ref. n. r. e.), and *Bledsoe v. Beard*, 516 S.W.2d 207 (Tex.Civ. App.1974, writ ref. n. r. e.). As there is no litmus paper test for determining whether or not a party is indispensable, the facts in each case should determine whether or not an indispensable party has not been joined as plaintiff or defendant in a suit. This determination should be made in conformity with the provisions of Tex.R.Civ.P. 39. *City of Arlington v. Bardin, supra.*

Under the facts of this case, we see that appellants did not make a bill of exception after their plea in abatement had been rejected by the trial court; however, we note from the will itself that all of the children of the testatrix were to share in the estate. The record further discloses that the testatrix had eight children. Although there are statements in appellee's petition that all of the interests of the children not joined have been conveyed to the parties hereto, the record does not so disclose. There is nothing further in the record indicating that any disposition has been made of all of these interests in the estate.

All of the beneficiaries under a will having an interest in the estate are indispensable parties to any suit to construe[1] the will or to partition[2] the estate. Since the record does not show that all of the interests of the beneficiaries were represented at trial, and since the record does show that a proper application of Rule 39 may have required the joinder of additional parties, appellants' plea in abatement should have been sustained.

Consequently, we have no choice but to reverse the judgment of the trial court and remand the cause for a new trial.

---

1. *Jennings v. Srp*, 521 S.W.2d 326 (Tex.Civ. App.1975, no writ); *Hay v. Hay*, 120 S.W. 1044 (Tex.Civ.App.1909, no writ); *Amend v. Amend*, 299 S.W.2d 759 (Tex.Civ.App.1957, no writ).

2. In this respect see: *Buffalo Bayou Ship Channel Co. v. Bruly*, 45 Tex. 6 (1876).