In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-02-00071-CV
______________________________


 
 
 
IN THE ESTATE OF
MARY ANN BEAN, DECEASED
 
 
 


                                              

On Appeal from the County Court at Law
Rusk County, Texas
Trial Court No. 00-069-P


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          This is a probate proceeding concerning the estate of Mary Ann Bean. Bean's last
will and testament, naming William Richard Shore, Jr., as independent executor, was
admitted to probate in the County Court at Law of Rusk County, and Shore qualified as the
independent executor. Shore is also a devisee under Bean's will. Three other devisees,
James J. DeWitt, Tom G. DeWitt, III, and Marlo DeWitt Senick (the DeWitts), filed a
petition seeking a declaratory judgment and order for partition and distribution of the
estate. The trial court granted that petition and rendered a declaratory judgment that a
portion of Bean's will, and its first codicil, transferring real property to Shore, failed for lack
of specificity. Shore was ordered to partition and distribute the estate within thirty days in
accordance with the court's judgment.
          Shore appeals, asserting three grounds on which the trial court lacked jurisdiction
to render its judgment. First, he contends the trial court lacked jurisdiction to enter the
declaratory judgment construing the decedent's will because it appointed an independent
executor to administer the independent estate. Second, he claims the trial court was
without jurisdiction to order the partition and distribution of the decedent's estate because
twenty-four months had not passed since the appointment of the independent executor. 
Finally, he contends the trial court did not have jurisdiction to consider the application since
it failed to require all devisees of the decedent's estate be cited to appear as required by
Texas law. Shore also contends this Court should reverse the trial court's ruling because
the trial court failed to follow Texas law by applying an improper legal standard in its
construction of the decedent's will. Shore also challenges the legal sufficiency of the
evidence on which the trial court based its judgment.
          We conclude a trial court is not divested of jurisdiction to construe a will merely
because an independent executor has been appointed, but because we sustain the other
two grounds on which Shore challenges the trial court's jurisdiction, we do not reach his
other contentions.
Factual and Procedural History
          Bean executed a will June 5, 1995, naming Shore independent executor of her
estate. She executed a codicil to that will June 17, 1997, which modified several sections
of paragraph 6 of the 1995 will. She executed a second codicil March 22, 2000. Bean
passed away shortly thereafter, on May 16, 2000.
          On May 22, 2000, Shore applied to the court for probate of the will and issuance of
letters testamentary. James J. DeWitt, named as successor independent executor in the
will, filed an application opposing Shore's appointment and seeking to have himself
appointed independent executor of Bean's estate. On June 21, 2000, the court appointed
Shore independent executor. 
 
          The DeWitts filed their application for partition and distribution of the estate and for
declaratory judgment July 12, 2001.


 The hearing was held on this application
September 27, 2001. On February 20, 2002, the court entered its declaratory judgment
and order for partition and distribution of Bean's estate. In this judgment, the court
declared paragraph 6(3) of the 1995 will, and paragraph A of the first codicil, invalid, and
ordered all mineral interests and real property interests referred to in such provisions pass
under the residuary clause of Bean's will.


 The provisions of paragraph 6(3) and the
amendments found in the first codicil, according to the judgment, "fails [sic] for a lack of a
description of the property sought to be conveyed under the terms of such will and codicil
and therefore, any conveyance under such provision fails because there are no means to
identify such conveyance with any degree of certainty."
          Paragraph 6(3)of the will, with the relevant modifications made by codicil, reads:
Regarding the eighty (80) acres I own in the J. Bennett Survey, I give a life
estate to my great-nephews, TOM G. DeWITT III, JAMES J. DeWITT, and
WILLIAM R. SHORE, JR., during their natural lives without bond as life
tenants the right to collect, receive, receipt for, use, enjoy, possess and
consume the income from the gas well on the property, and I do give them
during such time as they are entitled to receive the income and share the
income equally, complete powers of management, sale, exchange,
conveyance, reinvestment, the power to execute oil, gas and mineral leases
with provisions for pooling and unitization and any other provision they might
think wise or expedient even though the terms of any such lease or
agreement might extend beyond the term of their estates or lives, but they
shall preserve the corpus of the estate so bequeathed to them in this section
so that upon the death of the life tenants, the remainder corpus or principal
and any undistributed income shall become subject to the use, enjoyment,
consumption and disposition of BRENHAM SHORE, or the Trustee that
might be serving for him until he becomes of legal age. Any act of the life
tenants shall bind both themselves and those who take in remainder; and
third persons shall be entitled to rely upon the fact that the acts of the life
tenants will bind those who take in remainder, if need be, as well as the life
tenants.
 
At the death of WILLIAM R. SHORE, JR., I bequeath his one-third
share to BRENHAM SHORE, in fee simple.
 
Upon the death of either TOM G. DeWITT III or JAMES J. DeWITT,
I bequeath his one-third share of the life estate to the survivor and WILLIAM
R. SHORE, JR., equally as a life estate. Upon the death of the survivor, then
to BRENHAM SHORE, in fee simple. [Deleted per the First Codicil (June 17,
1997)].
 
Upon the death of either TOM G. DeWITT III or JAMES J. DeWITT,
I bequeath his one-third share of the life estate to MARLO ANN DeWITT and
WILLIAM R. SHORE, JR., equally, as a life estate. Upon the death of the
survivor, then I bequeath the entire life estate to BRENHAM SHORE, in fee
simple. [Added per First Codicil (June 17, 1997)].
Standard of Review

          Whether a trial court has subject matter jurisdiction is a question of law an appellate
court reviews de novo by examining the pleadings and any other evidence relevant to the
determination. Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855
(Tex. 2002). 
Jurisdiction to Construe the Will
          The Texas Probate Code confers on "[a]ll courts exercising original probate
jurisdiction" the "power to hear all matters incident to an estate." Tex. Prob. Code Ann.
§ 5(f) (Vernon Supp. 2004). Matters incident to an estate include all actions to construe
wills and generally all matters relating to settlement, partition, and distribution of estates. 
Tex. Prob. Code Ann. § 5A (Vernon Supp. 2004). The authority of the trial court over the
matters of an estate under independent administration, however, is limited. As long as the
estate is represented by an independent executor, further action should not be had in the
court except where the Probate Code, or other law, specifically and explicitly provides for
some action in the court. See Tex. Prob. Code Ann. § 145(h) (Vernon 2003); Baker v.
Hammett, 789 S.W.2d 682, 683 (Tex. App.–Texarkana 1990, no writ). Deference is
allowed in order to free the independent executor from judicial supervision and to effect the
distribution of the estate with minimal cost and delay. See Burke v. Satterfield, 525 S.W.2d
950, 955 (Tex. 1975); Baker, 789 S.W.2d at 683.
          We conclude, however, that an action for declaratory judgment construing a
provision of a will is permissible, despite the limitation in the Probate Code of the types of
actions a court can take with respect to an estate for which an independent executor may
be appointed. The Uniform Declaratory Judgments Act (UDJA) provides in pertinent part:
A person interested under a deed, will, written contract . . . may have
determined any question of construction or validity arising under the
instrument . . . and obtain a declaration of rights, status, or other legal
relations thereunder.

Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (Vernon 1997). More specifically, devisees,
such as the DeWitts, are among the classes of persons who are given the power to seek
a declaration of rights with respect to the estate to, among other things, determine any
question arising in the administration of the estate, including questions of construction of
the will. Tex. Civ. Prac. & Rem. Code Ann. § 37.005(3) (Vernon Supp. 2004); In re Estate
of Wilson, 7 S.W.3d 169, 172 (Tex. App.–Eastland 1999, pet. denied). We therefore
conclude that, pursuant to the UDJA, the trial court was not deprived of jurisdiction to
construe Bean's will merely because it had appointed an independent executor. Shore's
contentions to the contrary are overruled. 
Jurisdiction To Order Partition and Distribution
          The Probate Code provides:
[A]t any time after the expiration of two years from the date that an
independent administration was created and the order appointing an
independent executor was entered, a person interested in the estate may
petition the county court, as that term is defined by Section 3 of this code, for
an accounting and distribution. The court may order an accounting to be
made with the court by the independent executor at such time as the court
deems proper. The accounting shall include the information that the court
deems necessary to determine whether any part of the estate should be
distributed.

Tex. Prob. Code Ann. § 149B(a) (Vernon 2003). Until two years has passed, the court is
without jurisdiction to order an independent executor to distribute the estate. Baker, 789
S.W.2d at 685.
          Here, the trial court appointed Shore as independent executor June 21, 2000. On
July 12, 2001, the DeWitts filed their application for declaratory judgment and partition and
distribution of the estate. Only one year and approximately three weeks had passed since
Shore's appointment as independent executor. Even the date of the order to partition and
distribute, dated February 20, 2002, is too early to confer on the trial court jurisdiction to
order Shore to partition and distribute the estate.
          The DeWitts contend Shore cannot complain of this defect for the first time on
appeal. However, Section 149B involves subject matter jurisdiction. Subject matter
jurisdiction can be raised for the first time on appeal. See Gorman v. Life Ins. Co., 811
S.W.2d 542, 545 (Tex. 1991); Fincher v. City of Texarkana, 598 S.W.2d 22, 23 (Tex. Civ.
App.–Texarkana 1980, writ ref'd n.r.e.). His complaint of premature order of partition and
distribution is properly before us as a challenge to the subject matter jurisdiction of the
county court at law. The DeWitts emphasize the following colloquy between the trial court
and Shore's counsel regarding distribution of the estate in support of their position that
Shore consented to the court's subject matter jurisdiction:
MR. PHENIX [Counsel for the DeWitts]: . . . . And then we would also
ask the Court to make some type of order relating to the final distribution of
the wrapping up of this estate. We'd like to get that done.
 
. . . .
 
THE COURT: I’ll say within 30 days of the date that I sign the order
ruling on the application -- interpretation of the will.
 
MR. WILDER [Counsel for Shore]: That’ll be fine, Your Honor. If
either party needs some time, we can make a motion to the Court.

Subject matter jurisdiction, however, is a question of great importance, so much so that
parties cannot waive it or consent to it. See Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 445 (Tex. 1993); Fed. Underwriters Exch. v. Pugh, 141 Tex. 539, 174 S.W.2d
598, 600 (1943) (holding subject matter jurisdiction exists by operation of law and cannot
be conferred on any court by consent or waiver).
          When a court lacking subject matter jurisdiction renders a judgment, the judgment
is void. In re Masonite Corp., 997 S.W.2d 194, 198 (Tex. 1999). Since twenty-four months
had not passed since Shore had been appointed independent executor, the court lacked
jurisdiction to order the partition and distribution of the estate,


 and the order that attempts
to direct Shore to partition and distribute the estate is void. We sustain Shore's point of
error complaining the trial court lacked jurisdiction to order him to partition and distribute
the estate.
Jurisdiction to Render Declaratory Judgment
          Shore contends the DeWitts' failure to serve Brenham Shore and Elizabeth Penter,



both named as parties interested in the estate, deprives the trial court of jurisdiction to
render a declaratory judgment.


 The DeWitts contend that Shore appeared as next friend
for his son and that Penter's interest in the estate would not be affected by this declaratory
judgment. The UDJA mandates that "[w]hen declaratory relief is sought, all persons who
have or claim any interest that would be affected by the declaration must be made parties." 
Tex. Civ. Prac. & Rem. Code Ann. art. 37.006(a) (Vernon 1997). A declaration does not
prejudice the rights of a person not a party to the proceeding. Id.; Caldwell v. Callender
Lake Prop. Owners Improvement Ass'n, 888 S.W.2d 903, 907 (Tex. App.–Texarkana 1994,
writ denied). Although joinder under the UDJA of all persons who have or claim an interest
which would be affected by the declaration is mandatory, noncompliance with this mandate
does not uniformly constitute a jurisdictional defect. See Clear Lake City Water Auth. v.
Clear Lake Utils. Co., 549 S.W.2d 385, 389 (Tex. 1977). The trial court still retains its
discretion in determining joinder of parties, and nothing in the Act supersedes that
discretion. Tex. R. Civ. P. 39; MCZ, Inc. v. Smith, 707 S.W.2d 672, 675 (Tex.
App.–Houston [1st Dist.] 1986, writ ref'd n.r.e.).
          Generally, when a minor is made a party to an action, such minor must be
personally served with process. See Am. Gen. Fire & Cas. Co. v. Vandewater, 907 S.W.2d
491, 492 (Tex. 1995). Under certain circumstances, joining minors as defendants through
their next friend is proper. See id.; Orange Grove Indep. Sch. Dist. v. Rivera, 679 S.W.2d
482, 483 (Tex. 1984). The Texas Supreme Court has established a test to determine
whether service on a guardian ad litem or other representative is sufficient. See
Vandewater, 907 S.W.2d at 492. An appellate court should evaluate whether the minor's
interests have been properly protected and whether a deficiency in notice or due process
has been shown. See id.
          The DeWitts concede Brenham Shore was not personally served. They contend
personal service on the minor was not necessary because his father appeared as next
friend and as guardian ad litem. We need not determine whether service on Shore as
either next friend of or guardian ad litem for Brenham Shore is sufficient because the
record does not establish that Shore appeared in either capacity. The record contains no
order appointing Shore as Brenham Shore's guardian ad litem. See Tex. R. Civ. P. 173. 
Further, the only evidence before us that might indicate Shore appeared as next friend is
the DeWitts' own application for partition and distribution, which listed as an interested
party "WILLIAM R. SHORE, Jr. Individually and as Guardian ad litem and next friend of
BRENHAM SHORE C/O CLAY WILDER, ATTORNEY AT LAW." The judgment reflects
this same position. This is insufficient to establish that Shore appeared as next friend of
Brenham Shore. We conclude the DeWitts failed to join the minor Shore as a party to the
action.
          Generally, failure to join a party for just adjudication should be raised by a verified
plea in abatement. Tex. R. Civ. P. 93(4); Jones v. LaFargue, 758 S.W.2d 320, 324 (Tex.
App.–Houston [14th Dist.] 1988, writ denied). Because jurisdiction is considered
fundamental, raising the issue does not demand compliance with the usual requirements
of preservation of error or briefing of the point and argument. See Simpson v. Afton Oaks
Civic Club, Inc., No. 06-02-00102-CV, 2003 Tex. App. LEXIS 7896, at *5 (Tex.
App.–Texarkana Sept. 10, 2003, pet. filed); Nuchia v. Woodruff, 956 S.W.2d 612, 616
(Tex. App.–Houston [14th Dist.] 1997, pet. denied). Shore's failure to raise the trial court's
subject matter jurisdiction under the UDJA at trial or in his motion for new trial did not waive
the issue on appeal since the question presented involves jurisdiction.
          A party's absence will rarely deprive the court of jurisdiction to adjudicate the dispute
between the parties before it. Pirtle v. Gregory, 629 S.W.2d 919, 920 (Tex. 1982); Cooper
v. Tex. Gulf Indus., 513 S.W.2d 200, 204 (Tex. 1974). In determining whether a particular
party is indispensable to a declaratory judgment action, we must examine surrounding
facts and circumstances of the case to determine if the interests of an absent party will be
prejudiced and if an adequate judgment can be rendered for the parties before the court. 
Tex. Civ. Prac. & Rem. Code Ann. § 37.006(a); Sage St. Assocs. v. Fed. Ins. Co., 43
S.W.3d 100, 104 (Tex. App.–Houston [1st Dist.] 2001, pet. denied).
          We cannot say Brenham Shore's interest was not prejudiced by the judgment. In
fact, his remainder interest under the will was extinguished by the trial court's construction
of the will. We recognize that Brenham Shore's interest under the will is consistent with
that of his father, i.e., however goes Shore's interest, so goes that of Brenham Shore. It
appears, at first glance, this consistency might allow a court to render an adequate
judgment for the parties to the action before it. However, even if we concluded the trial
court had jurisdiction to order declaratory relief, the judgment would not affect the minor
Shore's interest. Brenham Shore, then, could relitigate the matter and undermine the
finality of the original judgment entered as to the other parties. The position of the parties
to the original litigation could be affected by the litigation that might, and likely would,
follow. That being said, we hold that, without joining Brenham Shore, an adequate
judgment could not have been rendered for the parties before the court. 
          We sustain Shore's contention that the failure to personally serve citation on
Brenham Shore deprived the trial court of jurisdiction to enter the declaratory judgment.
Summary and Conclusion
          We hold that, even though a trial court is not divested of jurisdiction to construe a
will under the UDJA merely because an independent executor has been appointed, the trial
court in this case lacked jurisdiction to render the partition and distribution order because
twenty-four months had not passed since the appointment of an executor of Bean's estate. 
We hold the court was further without jurisdiction to render a declaratory judgment because
Brenham Shore was a necessary party to the action and was not joined. 
          Because we have determined the trial court did not have jurisdiction, this Court does
not have jurisdiction, and we do not reach Shore's remaining contentions that the trial court
applied an improper legal standard in its construction of Bean's will and that the evidence
is legally insufficient to support the judgment. 
          We dismiss the appeal without prejudice.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      October 2, 2003
Date Decided:         November 14, 2003