11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

In re Estate of Thomas
Edward 

Grant, Deceased

 

            No.
11-03-00141-CV -- Appeal from Dallas County

 

The probate court admitted Thomas Edward Grant=s will to probate.  Anne Trevino was Grant=s
granddaughter as well as a beneficiary under the will.[1]  Trevino=s
children, Brendon Bibb and Nichole Bibb, were also
beneficiaries under the will.  Trevino
filed a declaratory judgment action in which she asked the probate court to
construe certain provisions of the will, but she did not make her children
parties to the lawsuit.  Because the
probate court found that the children were necessary parties to the declaratory
judgment action, it dismissed Trevino=s
lawsuit. We affirm.

In Trevino=s
first issue on appeal, she argues that, because there was no verified pleading
raising an objection regarding necessary parties, the probate court erred when
it dismissed the suit upon that ground. 
In Trevino=s second
issue on appeal, she argues that her children, Brendon
and Nichole, were not necessary parties. 
First, we will discuss Trevino=s
second issue.

Trevino asked the trial court to construe the
following paragraphs of Grant=s
will:  

2.1  I give and bequeath to my granddaughter, ANNE
BIBB and to her children, BRENDON BIBB and NICHOLE BIBB, any insurance that is
due to my said granddaughter and her children.

 

2.2  I give and bequeath to my granddaughter, ANNE
BIBB, any benefits that are due to me, my estate or my survivors under my
retirement plan with the State Highway Department.

 








Grant was employed by the State of Texas with the
highway department.  As far as is
relative to our discussion, appellee, Clemmie R. Murdock, independent executrix of Grant=s estate, received net death benefits
in the amount of $4,500 from the Employees Retirement System of Texas.  That amount represents Aa lump sum death benefit@ of $5,000 less 10 percent that was
withheld by the ERS.  Out of that
balance, Murdock paid taxes and then paid Trevino the balance of $4,339.  Murdock also received Alife
insurance proceeds@ in the
amount of $12,500 from Group Life and Health Insurance Company, an independent
licensee of the Blue Cross and Blue Shield Association.  ERS serviced the life insurance policy, but
it did not issue it.  Murdock refused to
pay Trevino the proceeds from the life insurance policy.

In Trevino=s
lawsuit, she claims that she is entitled to the Alife
insurance proceeds@ under
Paragraph 2.2 of Grant=s
will.  It is her position that the life
insurance claim is a benefit under Grant=s
Aretirement plan.@  As a part of that claim, it is Trevino=s position that Brendon
and Nichole have no claim to the funds under Paragraph 2.1 of the will.  Trevino named Murdock as the defendant in her
capacity as independent executrix of Grant=s
estate.  There were no other parties
named.  Trevino asked the probate court
to construe Grant=s will in
such a manner that she would receive the entire proceeds from the life
insurance policy issued by Group Life and Health.  The trial court held that Brendon
and Nichole were necessary parties to the declaratory judgment suit, and it
dismissed Trevino=s lawsuit
for failure to include them as parties. 
We will remember that this appeal is not about whether the life
insurance is a benefit of the retirement plan; the question on this appeal is
one solely related to necessary parties.

We review a trial court=s
decision to proceed or not to proceed in the absence of necessary parties under
an abuse of discretion standard.  Clear
Lake City Water Authority v. Clear Lake Utilities Company, 549 S.W.2d 385,
389-90 (Tex.1977).  A trial court abuses
its discretion when it rules arbitrarily, unreasonably, without regard to
guiding legal principles, or without supporting evidence.  Bocquet
v. Herring, 972 S.W.2d 19, 21 (Tex.1998).

In her second issue, appellant contends that the
trial court erred when it dismissed the petition for declaratory relief because
Brendon and Nichole were not Anecessary@ parties under TEX.R. CIV.P. 39(a),
which provides in part:   








A person who is subject to service of process shall be joined as
a party in the action if...(2) he claims an interest relating to the subject of
the action and is so situated that the disposition of the action in his absence
may (i) as a practical matter impair or impede his ability
to protect that interest or (ii) leave any of the persons already parties
subject to a substantial risk of incurring double, multiple, or otherwise
inconsistent obligations by reason of his claimed interest.

 

Because Trevino sought relief under TEX. CIV.
PRAC. & REM. CODE ANN. ch. 37 (Vernon 1997 &
Supp. 2004-2005)(the Uniform Declaratory Judgments Act), we must also consider,
in addition to Rule 39(a), the provisions of the Uniform Declaratory Judgments
Act.  In a declaratory judgment action,
all persons who have or claim any interest that would be affected by the
declaration sought must be made parties. 
Section 37.006(a).  This joinder requirement is mandatory.  Clear Lake City Water Authority v. Clear Lake
Utilities Company, supra.  All
beneficiaries under a will with an interest in the estate such that their
interest in estate property will be affected by the construction are persons
needed for just adjudication.  Estate
of Bean, 120 S.W.3d 914 (Tex.App. - Texarkana
2003, no pet=n); Pampell v. Pampell,
554 S.W.2d 20, 21 (Tex.Civ.App. - Austin 1977, no
writ); Thornhill v. Elskes,
381 S.W.2d 99 (Tex.Civ.App. - Waco 1964, writ ref=d n.r.e.).  A party=s
absence rarely will deprive the court of jurisdiction to adjudicate the dispute
between parties before it.  Pirtle v. Gregory, 629 S.W.2d 919, 920
(Tex.1982).  However, the court may
refuse to render a declaratory judgment if the judgment would not terminate the
controversy giving rise to the proceeding. 
Section 37.008.

Here, if the trial court were to accept Trevino=s interpretation of the will, then Brendon and Nichole would not receive any part of the $12,500
life insurance policy proceeds.  If the
court were to disagree with Trevino, then Brendon and
Nichole would share in those proceeds. 
All beneficiaries under a will with an interest in the estate such that
their interest in estate property will be affected by the construction are
persons needed for just adjudication.  Estate
of Bean, supra; Pampell v. Pampell, supra at 21; Thornhill
v. Elskes, supra. 
Brendon=s
and Nichole=s interests
are such that they would be affected by the trial court=s
construction of the will.  Further, Brendon and Nichole are persons who are so situated that a
judgment entered by the trial court in this case might result in inconsistent
judgments entered in any subsequent suit by them.  They are, therefore, persons needed for just
adjudication.  Rule 39(a).








A declaratory judgment does not prejudice the
rights of a person not a party to the proceeding.  Section 37.006(a).  However, if the trial court did render a
declaratory judgment, because it would affect their interests, Brendon or Nichole could relitigate
the matter, and the finality of the original judgment would be undermined.  See Estate of Bean, supra at 921.  Therefore, an adequate judgment could not
have been rendered for the parties before the court.  The trial court did not err when it held that
Brendon and Nichole were necessary parties to this
proceeding, and it did not err when it dismissed Trevino=s
petition for declaratory relief upon that ground.  Trevino=s
second issue on appeal is overruled.

Because we have determined that Brendon and Nichole were necessary parties, we may now
proceed to determine whether Murdock properly raised the issue in the probate
court.  In her first issue, Trevino
contends that the trial court erred in dismissing her petition for declaratory
relief because Murdock did not raise the issue in a verified pleading.  Murdock raised the issue of neces-sary parties during the trial, but she did not file a
verified plea in abatement.  TEX.R.CIV.P.
93(4)  requires, among other things, that
a pleading which raises defective party issues must be verified by affidavit,
unless the truth of such matters appears of record.  See Jones v. LaFargue,
758 S.W.2d 320, 324 (Tex.App. - Houston [14th Dist.]
1988, writ den=d).








Paragraph 2.1 of Grant=s
will named Trevino as well as Brendon and Nichole,
individually, as beneficiaries.  Trevino
argues that she represented Brendon=s and Nichole=s
interests in her capacity as their mother. 
However, generally, a minor that is made a party to an action must be
personally served.  American General
Fire & Casualty Company v. Vandewater, 907
S.W.2d 491, 492 (Tex.1995).  Under
certain circumstances, joining minors as defendants through their next friend
is proper. American General Fire & Casualty Company v. Vandewater, supra. 
However, the record here does not contain any order appointing Trevino
as guardian ad litem or next friend of Brendon or Nichole. 
Furthermore, Brendon and Nichole were not
individually served with process; were not included in Trevino=s original petition, either as a
plaintiff or defendant; and were not joined other-wise in the proceedings
despite the fact that Grant=s
will clearly showed that they had an interest in the estate which would be
affected by the declaratory judgment. 
Therefore, the failure to join necessary parties appears of record.  See Rector v. Metropolitan Life Insurance
Company, 506 S.W.2d 696, 698 (Tex.Civ.App. -
Houston [1st Dist.] 1974, writ ref=d
n.r.e.). 
Because the failure to join necessary parties appears of record, the
trial court did not err when it dismissed the petition for declaratory judgment
even though there was no verification by affidavit.  Trevino=s
first issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

September 16, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot,
C.J., and

Wright,
J., and McCall, J.











    
[1]Anne Trevino is referred to in the will by her maiden
name, Anne Bibb.