# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00259-CV

**N. J., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE 146TH DISTRICT COURT OF BELL COUNTY, NO. 302,044-B, THE HONORABLE JACK WELDON JONES, JUDGE PRESIDING

## O P I N I O N

Appellant N.J., a minor in the underlying proceedings, appeals the trial court's judgment terminating her parental rights to her daughter, L.B., and appointing the Texas Department of Family and Protective Services (the Department) sole managing conservator of the child. In one issue, N.J. argues that the judgment must be reversed because the record establishes that the trial court never acquired personal jurisdiction over her. We agree and will reverse the trial court's judgment as to N.J. and remand for a new trial.

## BACKGROUND

On May 5, 2018, then fifteen-year-old N.J. gave birth to L.B. (the Child). On July 23, 2018, the Department received a report of neglectful supervision and that N.J. had tested positive for illegal-drug use. When the Department received the report, N.J. was living with her father, and the Child was in the care of the Child's paternal grandmother, L.S. According to

L.S., N.J. and the Child had been living with her, but N.J. moved out after getting in a physical altercation with L.S.'s teenage daughter. Soon after the Department began its investigation, N.J. was arrested for physically assaulting her father and was placed in a juvenile detention center.[1]

On August 2, 2018, the Department filed an original petition for conservatorship and for termination of N.J.'s parental rights. That same day, following an emergency hearing, the Child was removed from N.J.'s care. No citation directed to N.J. was issued or served on N.J. *See* Tex. Fam. Code § 102.009(c) (issuance and service of citation in suit affecting parent-child relationship shall be "as in other civil cases"); Tex. R. Civ. P. 99 (issuance and form of citation). Nevertheless, a few weeks later, the trial court conducted an adversary hearing at which N.J. appeared personally with her court-appointed attorney.[2] At the conclusion of that hearing, the trial court rendered temporary orders appointing the Department as the Child's temporary managing conservator. The Child was initially placed in L.S.'s care and later in the care of foster parents, who expressed a desire to adopt her.

N.J. filed an answer to the Department's suit on January 2, 2020, and a three-day jury trial on the merits began on January 7, 2020. At trial, N.J. testified and asked the jury to not terminate her parental rights and to appoint L.S., and not the Department, as the Child's managing conservator. At the conclusion of the trial, the court signed a final "decree of

---

[1] At trial, a representative with the Department testified that N.J. had a history with the Department as a "victim," and that N.J.'s mother's parental rights had been terminated. The representative was unsure whether N.J.'s father's parental rights had been terminated.

[2] The Department's original petition also sought the termination of the parental rights of the Child's father, M.B. After unsuccessful attempts to personally serve M.B. with citation, the Department obtained an order for substituted service on him. *See* Tex. Fam. Code § 102.009(c); Tex. R. Civ. P. 106 (substituted service). Although the trial court's judgment also terminated M.B.'s parental rights, he did not file a notice of appeal and is not a party to these appellate proceedings.

termination" in accordance with the jury's verdict, terminating N.J.'s parental rights and appointing the Department as sole managing conservator of the Child. *See* Tex. Fam. Code § 161.001(b)(1)(E), (N), (O), (b)(2). N.J. timely filed her notice of appeal in this Court.

In one issue on appeal, N.J. argues that the trial court's judgment terminating her parental rights must be reversed because she was never served with citation and, as a result, the trial court never acquired personal jurisdiction.

## PERSONAL JURISDICTION AND SERVICE

An involuntary termination of parental rights implicates fundamental constitutional rights, "perhaps the oldest of fundamental liberty interests protected by the United State Constitution." *Troxel v. Granville*, 530 U.S. 57, 65 (2000). "Consequently, termination proceedings should be strictly scrutinized, and involuntary termination statutes are strictly construed in favor of the parent." *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985) (citing *Stanley v. Illinois*, 405 U.S. 645, 651 (1972)).

Personal jurisdiction over a party, a vital component of any valid judgment, requires the issuance and service of citation "in a manner provided by law." *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) (quoting *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)); *see* Tex. R. Civ. P. 124. In general, due process is satisfied, and personal jurisdiction over a party established, when a party is personally served with citation. *In re E.R.*, 385 S.W.3d at 563; *see also El Paso Indep. Sch. Dist. v. Alspini*, 315 S.W.3d 144, 149 (Tex. App.—El Paso 2010, no pet.) ("Citation serves the purpose of giving the court jurisdiction over the defendant, satisfying due process requirements, and giving the defendant an opportunity to appear and defend."). When service is invalid, it is "of no effect," and the resulting judgment is constitutionally infirm;

thus, the defendant is "entitled to a new trial without showing good cause." *In re E.R.*, 385 S.W.3d at 563. Because a complete failure of service deprives the trial court of personal jurisdiction, the resulting judgment may be challenged at any time. *In re M.D.M.*, 579 S.W.3d 744, 758 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (citing *In re E.R.*, 385 S.W.3d at 566).

## DISCUSSION

In this appeal, N.J. argues that because the record shows that she was never personally served with citation, the trial court never acquired personal jurisdiction over her and the judgment of termination is void. In response, the Department does not dispute that N.J. was entitled to service of citation. *See* Tex. Fam. Code § 102.009(a)(7) (requiring service of citation on each parent as to whom parent-child relationship has not been terminated or process waived under chapter 161). The Department also does not dispute that N.J. was, in fact, never served with citation, in any manner.[3] Instead, the Department asserts that the record shows that before citation could be issued and served on N.J., she personally appeared before the trial court with her court-appointed attorney and that she continued to personally appear and participate throughout the proceedings. In the Department's view, N.J.'s personal appearance "constitutes effective service" and is sufficient to support the trial court's exercise of personal jurisdiction. *See* Tex. R. Civ. P. 120 (providing that defendant may "in person, or by attorney, or by his duly authorized agent, enter an appearance in open court" and that such appearance has "the same force and effect as if citation has been issued and served as provided by law").

---

[3] Although personal service is generally preferable, the Texas Legislature has also provided that in suits affecting the parent-child relationship, citation may be served by publication. *See* Tex. Fam. Code § 102.010(a); *In re E.R.*, 385 S.W.3d 552, 566 (Tex. 2012) (concluding that service by publication did not satisfy due process when record showed that "it was both possible and practicable to more adequately warn [parent] of the impending termination of her parental rights").

Ordinarily, when a party makes a general appearance—such as by entering a "personal appearance in open court," *see* Tex. R. Civ. P. 120, or by filing an answer in the suit, *see id.* R. 121—the party is considered to have consented to the personal jurisdiction of the trial court and to have effectively waived any complaint as to service. *In re D.M.B.*, 467 S.W.3d 100, 103 (Tex. App.—San Antonio 2015, pet. denied) (explaining that, in general, "a party's personal appearance before a trial court indicates a submission to the court's jurisdiction, constituting a general appearance and therefore, waiving any complaint as to service"); *Global Paragon Dall., LLC v. SBM Realty, LLC*, 448 S.W.3d 607, 611 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (explaining that party enters general appearance and therefore consents to personal jurisdiction when it "(1) invokes the judgment of the court of any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court," (citing *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004))). It is well established, however, that a minor is *non sui juris,* meaning a minor is considered to be under a legal disability and therefore lacks the capacity to sue or consent to suit, except as otherwise provided by law. *In re M.M.S.*, No. 14-16-00349-CV, 2016 Tex. App. LEXIS 11419, at *10 (Tex. App.—Houston [14th Dist.] Oct. 20, 2016, pet. denied) (mem. op.); *cf. S.A.S. v. Catholic Fam. Servs.*, 613 S.W.2d 540, 543 (Tex. App.—Amarillo 1981, no writ) (recognizing that common-law rule "requires all minors to be personally served with process" but concluding that family code abrogated common law to extent statute allows minors to waive service of process when waiver is contained in affidavit for voluntary relinquishment of parental rights). Consequently, a minor cannot by her voluntary appearance waive service or consent to the jurisdiction of the court. *In re W.L.C.*, 562 S.W.2d 454, 455 (Tex. 1978); *Wheeler v. Ahrenbeak*, 54 Tex. 535, 539 (1881) (explaining that minor defendants cannot waive service because waiver

5

of service is "the voluntary act of the party himself" and "that to be binding it must have been done by one legally capable of performing it"). Because the record establishes that N.J. was a minor during the proceedings below, including when the trial court signed the judgment terminating her parental rights, we disagree with the Department's assertion that N.J.'s appearance in the suit relieved it of its duty to ensure that she was properly served with citation.

Generally, when a minor is named as a party to a suit, the minor must be personally served with process. *Wright v. Jones*, 52 S.W.2d 247 (Tex. Comm'n App. 1932, holding approved); *In re Estate of Bean*, 120 S.W.3d 914, 920 (Tex. App.—Texarkana 2003, pet. denied); *see also Wheeler*, 54 Tex. at 538 (explaining that service is act "by an officer of the law which thereby gives jurisdiction to the court without the consent of the defendant"). Alternatively, a minor may, in certain circumstances, be properly joined through his or her legal guardian or next friend. *American Gen. Fire Cas. Co. v. Vandewater*, 907 S.W.2d 491, 492 (Tex. 1995); *In re Estate of Bean*, 120 S.W.3d at 920; *see* Tex. R. Civ. P. 44 (providing that certain persons, including minors, who have no legal guardian may sue and be represented by "next friend"). When a minor defendant is served through a guardian or next friend, whether the court has personal jurisdiction depends on "whether the minor's interests have been properly protected and whether a deficiency in notice or due process has been shown." *Vandewater*, 907 S.W.2d at 492 (citing *Orange Grove Indep. Sch. Dist. v. Rivera*, 679 S.W.2d 482, 483 (Tex. 1984)); *In re Estate of Bean*, 120 S.W.3d at 920.

Here, the record establishes that neither N.J., nor N.J.'s parent, nor a person designated as her legal guardian or "next friend" was ever served with citation of the Department's suit. *See In re M.M.S.*, 2016 Tex. App. LEXIS 11419, at *8 (concluding that trial court did not acquire personal jurisdiction over minor parent who filed general denial in

termination case because minor's "parent, guardian, or next friend was not duly served with citation"). Moreover, the record does not reveal that any person appeared in the trial court in the capacity as N.J.'s next friend or that the trial court ever appointed a guardian ad litem to protect N.J.'s interests. *See In re Estate of Bean*, 120 S.W.3d at 920 (concluding that service on minor's father was not sufficient to establish personal jurisdiction over minor because the record did not establish that father appeared in capacity of next friend or guardian ad litem); *see also* Tex. R. Civ. P. 173.3(b) (appointment of guardian ad litem must be made by written order). Because the record establishes a deficiency in notice, which could not be waived by N.J.'s appearance in the suit, we conclude the trial court did not acquire personal jurisdiction over her.

## CONCLUSION

We reverse the portions of the trial court's judgment terminating N.J.'s parental rights and appointing the Department as permanent managing conservator and remand the cause for a new trial.[4] We instruct the trial court to commence the trial no later than 180 days after the mandate is issued by this Court. *See* Tex. R. App. P. 28.4(c).

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Baker and Kelly

Reversed and Remanded

Filed: October 9, 2020

_____

[4] As mentioned previously, the Child's father has not appealed the judgment. Accordingly, we leave the remaining portions of the judgment undisturbed.